█ In the Matter of BERNARD SNITKIN et al., Respondents, v. STATE LIQUOR AUTHORITY, Appellant.— Order and judgment (one paper) affirmed, without costs or disbursements, on the opinion of Sarafite, J. Concur — Botein, P. J., Capozzoli, Rabin and McNally, JJ.; McGivern, J., dissents in the following memorandum: I dissent and would uphold the determination of the Authority. The approval of the removal application herein has resulted in a violation of subdivision 16 of section 105 of the Alcoholic Beverage Control Law, and thus the Authority had no alternative but to annul its previous action. Moreover, the formation of South Shore Mall Liquors, Inc., as "the immediate lessor", I do not accept as an ingenuous act or one without guile. Nor do I find it easy to believe the licensee did not know the identity of its landlord until April, 1966. It was not a well-guarded secret. *The Bay Shore Sentinel* proclaimed Macy's ownership on April 21, 1965. The Bay Shore-Brightwaters Liquor Dealers Association knew it, and through their attorneys formally protested on April

27, 1965 and again on December 1, 1965. It may very well be the statute needs revision to mitigate the severity of its application in situations such as we have here. That is not the function of the courts. (*Triborough Bridge & Tunnel Auth.* v. *Crystal & Son,* 2 N Y 2d 961, 963.)