KENNETH O. BLAIR et al., Doing Business as KIRKWOOD PHAR-
MACY, Respondents, v FIVE POINTS SHOPPING PLAZA, INC.,
Appellant. (Action No. 1.) DONALD J. MILLHAM, Doing
Business as KIRKWOOD PHARMACY, Respondent, v FIVE
POINTS SHOPPING PLAZA, INC., Appellant. (Action No. 2.)
WILLIAM L. BLUER, Doing Business as BILL'S BARBER SHOP,
Respondent, v FIVE POINTS SHOPPING PLAZA, INC., Appel-
lant. (Action No. 3.) ARLENE STARLEY et al., Doing Busi-
ness as ARLENE'S BEAUTY SHOP, Respondents, v FIVE
POINTS SHOPPING PLAZA, INC., Appellant. (Action No. 4.)

Third Department, February 11, 1976

*Palmer, Hankin, Peyton & Hanifin (Kenneth J. Kretzer* of
counsel), for appellant.

*Carmien & Young (John W. Young* of counsel), for Kenneth
O. Blair and another, respondents.

*John J. Connerton* for Donald J. Millham and others, respondents.

HERLIHY, J. This appeal is submitted to the court on an agreed statement of facts pursuant to CPLR 5527. The primary question before the trial court was whether or not the plaintiffs as tenants were liable to the landlord-appellant for certain repairs which the landlord caused to be made to a common parking lot at a shopping plaza. The determination of the issue was dependent upon the provisions of a leasehold agreement between the parties. The trial court found some ambiguity in the leasehold agreement as to the plaintiffs' liability for such repairs; thereupon interpreted the agreement; and found that the plaintiffs were not obligated to pay for the subject repairs.

This proceeding was initiated in the City Court of Binghamton pursuant to article 18 of the UCCA (all statutory references hereinafter are to the UCCA unless otherwise specified) as a Small Claims Court. The separate claims of the plaintiffs ranged from about $93 in Action No. 2 to about $14 and $13 in Actions Nos. 3 and 4, respectively.

The primary issue upon this appeal is the nature and extent of appellate review pursuant to section 1807 which provides as follows: "A person commencing an action upon a small claim under this article shall be deemed to have waived all right to appeal, except that either party may appeal on the sole grounds that substantial justice has not been done between the parties according to the rules and principles of substantive law."

The County Court held that substantial justice was done between the parties in the City Court. Section 1807 clearly requires that appellate courts ensure that a judgment by a Small Claims Court be based upon the ordinary rules and principles of law applicable to the issues raised at trial, but there is no definition of "substantial justice". Ordinarily the review in this court would be on the merits as to the legal correctness of the particular interpretation of this leasehold agreement. (See CPLR 5501, subd [c]; CPLR 5703, subd [b].) The effect of the language "substantial justice" upon appellant is the preliminary question.

In *Buonomo v Stalker* (40 AD2d 733) this court noted that section 1804 required that procedurally the trial court "must be given wide latitude and discretion in the conduct of the

proceedings". Section 1804 requires that the trial courts "do substantial justice * * * according to the rules of substantive law". It would appear that, in general, alleged errors in the presentation of evidence or pleadings are not reviewable upon this appeal as they are not a basis for reversal of a judgment. The present appeal does not encompass any question other than one of law. In considering the scope of appellate review, it must be noted that section 1808 expressly provides that judgments entered pursuant to article 18 are *res judicata* only as to the amount involved and "shall not otherwise be deemed an adjudication of any fact at issue or found therein in any other action or court."

The present record establishes that the trial court applied the appropriate rules and principles of substantive law to this proceeding. The parties had a leasehold agreement and any liability of the plaintiffs for repairs would have to be found within the intent expressed in that document. While appellant contends upon this appeal that the document clearly and expressly binds the plaintiffs to pay for the subject parking lot repairs, the language is not so clear and definite as to preclude the necessity of construction to ascertain intent. The decision of the trial court does not establish that it violated any mandatory rule of construction in the approach followed by it. The issue was arguable and the only remaining question for this court pursuant to section 1807 is whether or not the result is substantial justice.

Since the leasehold agreement does not with certainty require the plaintiffs to reimburse appellant for the repairs, it cannot be said that a determination adverse to appellant is so shocking as to not be substantial justice. While other courts might construe the leasehold agreement so as to find in favor of the appellant, such a substitution of judgment would be inconsistent with the intent of article 18 that the test be one of substantial justice in accordance with the rules and principles of substantive law. In these actions substantial justice does not require our intervention.

The order should be affirmed, with costs to each of the plaintiffs filing separate briefs.

GREENBLOTT, J.P., MAIN, LARKIN and REYNOLDS, JJ., concur.

Order affirmed, with costs to each of the plaintiffs filing separate briefs.