OPINION OF THE COURT
John T. Buckley, J.
This is an appeal from the Utica City Small Claims Part of a judgment in favor of the plaintiff against the defendant in the sum of $61.22, representing damages in the sum of $55, interest in the amount of $1.82, and disbursements in the amount of $4.40.
The plaintiff in this action was insured by the defendant for medical bills and hospital costs incurred by the plaintiff. The plaintiff was admitted to St. Elizabeth’s Hospital on July 24, 1980. The testimony of Dr. Elliott Friedman was that the plaintiff was admitted to the hospital on July 24, 1980, under the care of Dr. Vincent De Lalla, a doctor specializing in internal medicine. The testimony of Dr. Friedman is that Dr. Friedman was called to examine and treat the plaintiff for lower back pains, orthopedic problems. Dr. Friedman, in his testimony, states that when he assumed the care of the plaintiff for lower back orthopedic problems, he assumed control of that aspect of the patient’s care, and that, therefore, he became an attending physician for the plaintiff. He states in his testimony that a patient can have more than one attending physician if he has more than one problem, being treated simultaneously while he is being.hospitalized. The defendant contends that *325 under the policy a patient can have only one attending physician, and that the plaintiff is entitled to one consultation by one attending physician. Since Dr. Shaheen, a urologist, was called in as a consulting-physician to Dr. De Lalla, it is the defendant’s contention that Dr. Friedman should not be paid pursuant to the provisions of the policy, since only one attending physician is allowed and only one consulting, physician allowed for the attending physician.
The Small Claims Court held that the plaintiff recover the amount of $55 from the defendant under the contract in reimbursement for Dr. Friedman’s bill for services, plus interest and costs.
The defendant, in this court, contends that he is entitled to appeal pursuant to UCCA 1807, on the ground that substantial justice has not been done and the defendant has been wronged.
The contract at no point states that there can be only one attending doctor. Clearly, the Small Claims Court interpreted the contract to provide for payment to more than one attending doctor, namely, Dr. Friedman. This is not an unreasonable interpretation, particularly in view of the fact that the defendant drafted this contract containing such ambiguity.
More than any other field, medicine has become specialized and medical specialists exist for each and every part of the human body. Assuming that a trauma victim is brought into a hospital emergency room, it is conceivable that an orthopedic surgeon would be required to take care of a broken leg, a urologist to take care of a damaged kidney, a neurosurgeon to take care of brain damage, and an opthomologist to take care of an eye injury. If the victim above described was admitted to the hospital, it is not only conceivable, but probable, that he would have four physicians examining him on a daily basis for a period of time. In this example, under the contract’s interpretation, the insurance policy in question would be read so that the victim could only have one attending physician and one consulting physician. To interpret the policy in that manner would deny coverage for three of the four necessary physicians treating the victim above described.
*326 In the case at bar, the plaintiff’s lower back problem was not a problem to be treated by an internist. The plaintiff’s apparent kidney problem was not a problem which should be treated by an orthopedic surgeon.
It is therefore the opinion of this court that the lower court’s determination adverse to the defendant is not so shocking as to not be substantial justice. In this action, substantial justice does not require the intervention of this court, (Blair v Five Points Shopping Plaza, 51 AD2d 167.)
The decision of the Utica City Court is affirmed, with costs.