■ DIANE M. MANUPELLA, Appellant, v MARINE MIDLAND BANK, as Executor of the Estate of MARJORIE H. LUCHA, Deceased, Respondent. — Appeal from an order of the County Court of Rensselaer County (Dwyer, J.), entered January 8, 1982, which affirmed judgments of the City Court of the City of Troy dismissing plaintiff's claim and granting defendant's counterclaim. Plaintiff contracted with defendant to purchase real property located in the City of Troy. The contract was conditioned upon plaintiff obtaining an FHA mortgage in order to finance the purchase. Plaintiff promptly applied to the Albany Savings Bank for a mortgage and after some delay, which included a second application by plaintiff to update her financial status, the bank rejected her application. Thereafter, plaintiff commenced an action in the City Court of the City of Troy (Small Claims Part), seeking the return of the $500 deposit she had paid upon signing the contract of sale. Defendant counterclaimed for damages based upon plaintiff's breach of the contract. Following a trial, City Court dismissed plaintiff's claim and granted defendant's counterclaim to the extent that its damages exceeded the $500 deposit. An appeal to County Court resulted in an affirmance and this appeal, pursuant to CPLR 5703 (subd [b]), ensued. Plaintiff contends that the proof at trial establishes that she did not breach the contract since she made a good faith effort to satisfy the mortgage contingency. City Court held otherwise and our review on this appeal is limited to determining whether "substantial justice has * * * been done between the parties according to the rules and principles of substantive law" (UCCA 1807), which does not include substituting our judgment for that of the City Court (*Blair v Five Points Shopping Plaza*, 51 AD2d 167). Applying this standard of review to the record herein, the judgment dismissing plaintiff's claim must be affirmed, for we cannot say that substantial justice between the parties was not done. With regard to the judgment on defendant's counterclaim, however, we reach a contrary result. City Court's award of damages was predicated upon a finding that defendant's expenses incurred as a result of plaintiff's breach exceeded the $500 deposit. A portion of these damages included the cost of making repairs to the real property to satisfy the FHA inspection. Substantial justice between the parties does not allow defendant to reap the benefit of the repairs through the increased value of the real property and also to be reimbursed by plaintiff for the cost of those repairs. Moreover,

the tax expense share of the award has no basis in the record, for the portion attributable to plaintiff is speculative since the parties had agreed to extend the closing to an unspecified date. Order modified, on the law, by reversing so much thereof as affirmed the judgment of the City Court of the City of Troy granting defendant's counterclaim, and counterclaim dismissed, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.