■ THOMAS F. SCARINGE, Appellant, v KURT E. HOLSTEIN, II, Respondent. — Appeal from an order of the County Court of Albany County (Harris, J.), entered June 8, 1983, which affirmed a judgment of the Justice Court of the Town of Colonie in favor of defendant. ¶ Defendant placed an advertisement in an Albany newspaper as follows: "1975 Fiat X-19, hardtop convertible. 4600 miles. Excellent condition. $2,200. Offers, 434-8518." Plaintiff responded and, while test-driving the car, defendant said that the car had recently been repainted. He also told plaintiff that a valve job had been done four months previous and that the manual transmission did not shift in the standard "H" pattern; rather, in order to shift from second to third gear, one had to shift in a diagonal line. Defendant stated that this was a "minor problem" and plaintiff purchased the vehicle for $1,950. The next day the car needed a jump start and plaintiff's wife could not shift the car into third gear. Plaintiff thereafter obtained estimates of the cost for mechanical repairs ($755.86) and body work ($2,964) alleged to be necessary. ¶ Plaintiff commenced a small claims action in Justice Court of the Town of Colonie sounding in breach of warranty. That court, finding that no express warranty was created, dismissed the action. County Court affirmed that decision. This appeal by plaintiff followed. ¶ An appellate court should only overturn the judgment rendered in a small claims action if the determination is so "shocking as to not be substantial justice" (*Blair v Five Points Shopping Plaza,* 51 AD2d 167, 169; see, also, UJCA 1807). A necessary element in the creation of an express warranty is the buyer's reliance upon the seller's affirmations or promises (see *Friedman v Medtronic, Inc.,* 42 AD2d 185). Here, plaintiff was on notice at least that the car had a substantial transmission defect and could not be said to have reasonably relied on the newspaper advertisement's statement that the car was in "excellent

condition". In light of the fact that this was a used car transaction, it cannot be said that an express warranty was so clearly created that the small claims action failed to produce substantial justice between the parties (see *McGregor v Dimou,* 101 Misc 2d 756; see, also, *Manupella v Marine Midland Bank,* 89 AD2d 641). ¶ Plaintiff's further argument that defendant's assurances that the car was in "excellent condition" induced him to buy the automobile, and that his subsequent discovery of its defects gives him the right to revoke his acceptance (see Uniform Commercial Code, § 2-608, subd [1]) is rejected. Although the representations of defendant proved to be factually false, plaintiff has failed to establish that those assurances actually induced him to buy the automobile. Such assurances appear to be no more than "puffery", which should not have been relied upon as an inducement to purchase the vehicle (see White & Summers, Handbook on the Uniform Commercial Code [2d ed], § 8-3, p 314). ¶ Order affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.