■ JEFFREY APFEL, Respondent, v D. A. BENNETT, INC., Appellant. — Per Curiam. Appeal from an order of the County Court of Albany County (Harris, J.), entered January 4, 1984, which affirmed a judgment of the Albany City Court in favor of plaintiff.

In 1979, defendant installed blown-in insulation in plaintiff's home. Approximately two years later, while in the process of remodeling his kitchen, plaintiff discovered areas in the outer walls of his home devoid of insulation. He contacted defendant, who agreed to reinsulate the defective areas. Defendant, however, refused plaintiff's request to be compensated for the cost of excess heating fuel consumption as a result of the defective insulation work. Plaintiff thereafter commenced a suit in the

small claims part of City Court seeking recovery for that loss as a consequence of defendant's defective performance of the contract. Following a trial, City Court awarded plaintiff damages in the amount of $1,072, which judgment was affirmed on appeal to County Court. Defendant now appeals to this court.

On appeal from a small claims judgment, our review is limited solely to the issue of whether "substantial justice has * * * been done between the parties according to the rules and principles of substantive law" (UCCA 1807).

Among City Court's findings was the fact that defendant had represented to plaintiff that plaintiff would save heating costs as a result of defendant's work. City Court found that it was within the contemplation of the parties that plaintiff would realize approximately a 33% savings on heating costs as a result of defendant's insulation work. City Court further found that plaintiff had realized only a 12.7% savings on his fuel bill following completion of the insulating work. Plaintiff established that his home heating costs for the period following installation of the insulation until the date of the corrective work by defendant was $4,545. That dollar figure represented a 12.7% savings over what plaintiff's home heating costs would have been had there been no insulation work done by defendant. As a result, City Court fixed plaintiff's consequential damages at $1,072 and entered judgment in plaintiff's favor in that amount.

On review of the record, we find that the evidence presented supports City Court's factual findings. Further, City Court correctly applied the applicable rules and principles of substantive law; substantial justice does not require our intervention (*Blair v Five Points Shopping Plaza,* 51 AD2d 167, 169; Siegel, NY Prac § 584, at 823 [1978]).

Order affirmed, with costs. Mahoney, P. J., Mikoll, Yesawich, Jr., and Levine, JJ., concur.