■ RUTH M. LOCKWOOD, Respondent, v NIAGARA MOHAWK POWER CORPORATION, Appellant. (And Two Other Actions.)— Mahoney, P. J. Appeals from three orders of the County Court of Cortland County (Mullen, J.), entered September 4, 1984, which affirmed judgments of the City Court of the City of Cortland in favor of plaintiffs.*

On April 2, 1982, a violent thunderstorm in the Cortland County area caused substantial damage to power lines owned and controlled by defendant, causing a low-voltage condition. At approximately 10:30 A.M. on that day, a telephone call to defendant's Syracuse office advised the district operator of the problem. The district operator alerted the duty supervisor in the storm area to investigate and report. At 11:00 A.M., the duty supervisor reported that damage to a junction box located four or five miles outside the City of Cortland was the cause of the problem. A crew was immediately dispatched to the site of the junction box and power was fully restored at 11:34 A.M., approximately 64 minutes after the initial call reporting the storm damage.

Plaintiffs commenced actions in the Small Claims Part of the City Court of the City of Cortland alleging that the motors of their respective refrigerators had been damaged as a direct and proximate result of the low-voltage condition. City Court rendered a decision in one of the cases, made applicable to the other two cases, wherein it concluded that defendant was "grossly negligent" on the theory that the district supervisor should have known that low or reduced voltage would be detrimental to household utilities dependent on electric power for operation. Accordingly, City Court directed that judgment be entered in favor of plaintiff Ruth M. Lockwood ($350.30), plaintiff Dennis R. Fish ($309.55) and plaintiff Diane R. Kaufman ($409.55). Defendant appealed each judgment to County Court, which affirmed the judgments. This appeal by defendant ensued.

UCCA 1807 permits an appeal from a small claims judgment "on the sole ground that substantial justice has not been done between the parties according to the rules and principles

---

* These appeals are before us on a joint record and brief pursuant to an order of this court.

of substantive law". Thus, a small claims judgment should not be overturned merely because it involved an arguable point on which the appellant tribunal might have gone the other way (*see, Blair v Five Points Shopping Plaza,* 51 AD2d 167). In other words, the determination of a Small Claims Part will not be overturned unless that court's determination is "clearly erroneous" and the deviation from substantive law is "readily apparent" (*see, Schiffman v Deluxe Caterers of Shelter Rock,* 100 AD2d 846; *Manupella v Marine Midland Bank,* 89 AD2d 641).

Where, as here, a public utility has a filed tariff with the Public Service Commission which provides, in pertinent part, that " '[t]he Corporation will endeavor at all times to provide a regular and uninterrupted supply of service, but in case the supply of service shall be interrupted or irregular or defective or fail from causes beyond its control, or through ordinary negligence * * * the Corporation will not be liable therefor' ", no liability will attach to the public utility unless it is found to be grossly negligent (*see, Krasner v New York State Elec. & Gas Corp.,* 90 AD2d 921). We cannot make such a finding on this record.

Here, plaintiffs simply testified at the hearing held in City Court that the low-voltage condition damaged the motors in their refrigerators. Defendant produced its supervisor of overhead lines and transmission distribution who testified that, based on his experience of over 32 years with defendant, the 64 minutes required to ascertain the cause of the power failure and to correct the same was an outstanding performance. Accordingly, in the absence of any proof that defendant did not have available resources to inspect relays, circuit breakers and junction boxes along its transmission lines and that those resources were not immediately addressed to the power problem, as well as any proof that the district operator and duty supervisor on duty on the date of the outage were anything but highly qualified to handle the crisis, we are constrained to conclude that none of the plaintiffs proved that the power failure was proximately caused by any conduct of defendant (*see, Food Pageant v Consolidated Edison Co.,* 54 NY2d 167). Finally, plaintiffs' contention that defendant was grossly negligent in deciding not to turn off power completely and leaving it at a low-voltage condition is not supported by any competent evidence in the record. Accordingly, we hold *that the* result reached by the Small Claims Part of City Court was "clearly erroneous" and such a deviation from substantive law as to be "readily apparent". This compels the

conclusion that "substantial justice has not been done between the parties according to the rules and principles of substantive law" (UCCA 1807).

Orders reversed, on the law, without costs, judgments of the City Court of the City of Cortland reversed and complaints dismissed. Mahoney, P. J., Main, Mikoll and Harvey, JJ., concur.