■ LEE DANSKY, Respondent, v TERRY RYAN'S COLONIAL VOLKSWAGEN, INC., Appellant.—Harvey, J. Appeal from an order of the County Court of Columbia County (Zittell, J.), entered June 27, 1985, which reversed a judgment of the Justice Court of the Town of Greenport.

In November 1983, plaintiff deposited $210 with defendant and entered into an agreement to purchase a new 1984 Volkswagen Quantum for $14,078. Plaintiff was to receive a trade allowance of $9,878 for his 1983 Volkswagen Jetta. A provision of the agreement specifically gave defendant the right to reappraise the trade-in vehicle if the value materially diminished as a result of physical damage, alteration or deterioration in mechanical condition. Two months after the agreement was signed, the new vehicle had not yet been received by defendant. During that time, the trade-in vehicle had been brought to defendant's shop a number of times for repairs. Thereafter, defendant informed plaintiff that the trade-in allowance was being decreased by $3,000. Plaintiff disputed the decline in value of the trade-in vehicle and entered into a contract with another car dealer to purchase a similar 1984 Volkswagen Quantum. Plaintiff subsequently took delivery of the new vehicle from the second dealer, paying approximately $2,000 more than the original contract price with defendant.

Plaintiff commenced this small claims action in Justice Court in the Town of Greenport seeking $1,500 damages, which included $210 for his deposit and $1,290 covering a part of the additional amount he had to pay the second car dealer. Justice Court awarded plaintiff his $210 deposit, but refused to provide him with damages for the alleged "cover" cost (UCC 2-

712) incurred. Plaintiff appealed to County Court, alleging that Justice Court failed to understand substantive principles of commercial law regarding a buyer's right to "cover". County Court reversed the judgment, determining that, having found a breach of contract, Justice Court should have awarded plaintiff compensatory damages. This appeal by defendant ensued.

The sole ground for reversal of a small claims action is when "substantial justice has not been done between the parties according to the rules and principles of substantive law" (UJCA 1807). A judgment rendered in a small claims action will be overturned only if it is "so shocking as to not be substantial justice" *(Blair v Five Points Shopping Plaza,* 51 AD2d 167, 169).

From the evidence, Justice Court could have found that defendant properly exercised its contract prerogative by amending downward the trade-in allowance. There was evidence that the trade-in vehicle's mileage had increased by 15,000 miles during the two-month period. Plaintiff had the choice of accepting the amendment or rescinding the contract. Justice Court determined that there was a rescission, granting judgment for the amount of the deposit but denying "cover" damages pursuant to UCC 2-712. We believe that substantial justice was accomplished.

Order reversed, on the law, without costs, and judgment of the Justice Court of the Town of Greenport reinstated. Main, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.