■ CLAIRE F. ROTHERMEL, Respondent, v KENNETH ERMI-GER, Doing Business as BLENHEIM ON LAKE GEORGE, Appellant. (And Another Related Action.)—Kane, J. Appeal from an order of the County Court of Warren County (Moynihan, Jr., J.), entered February 24, 1989, which affirmed two judgments of the Town Court of the Town of Lake George in favor of plaintiffs.

Plaintiffs, Claire F. Rothermel and Robert Alger, commenced separate actions against defendant in the Small Claims Part of the Lake George Town Court. Rothermel sought recovery of a $500 deposit she made on a membership in a private resort club known as Blenheim on Lake George (hereinafter the Resort). Alger sought recovery of $1,992.80 in outstanding bills for produce delivered to the Resort from July to September 1987. The Resort was owned and operated by Blenheim Enterprises, Inc. (hereinafter Blenheim, Inc.) and Kenarn Enterprises, Inc., two Delaware corporations authorized to do business in this State. Defendant and Arnold Levine were sole shareholders and directors of both corporations. Defendant individually owned the real property upon which the Resort was located and rented same to Blenheim, Inc. In both actions, defendant asserted that liability should be limited to the corporate entity operating the Resort and not include himself individually. In finding for plaintiff in both cases, Town Court took judicial notice of Blenheim, Inc. but concluded that "[i]t is common knowledge that Defendant Kenneth Ermiger is Blenheim on Lake George and vice versa". Town Court subsequently held defendant individually liable and entered judgments in favor of plaintiffs for the amounts sought. County Court affirmed both judgments and this appeal followed.

We reverse. Although our review of small claims judgments is limited to determining whether substantial justice has been done "according to the rules and principles of substantive law" (UJCA 1807; *see, Blair v Five Points Shopping Plaza,* 51

AD2d 167, 168), we may reverse when a deviation from substantive law is readily apparent and the court's determination is clearly erroneous *(see, Lockwood v Niagara Mohawk Power Corp.,* 112 AD2d 495, 496; *Manupella v Marine Midland Bank,* 89 AD2d 641).

The single substantive issue on this appeal is whether "piercing the corporate veil" to find defendant liable for debts of the Resort was a clearly erroneous deviation from substantive law. "In general, the courts will not pierce the corporate veil to reach a shareholder because the corporate form is a legitimate means of avoiding personal liability * * * and corporations are legal entities distinct from their shareholders and have an independent legal existence" *(Matter of Total Care Health Indus. v Department of Social Servs.,* 144 AD2d 678, 679). A shareholder may be held liable for corporate debts upon a showing that he exercised "complete dominion and control over the corporation" *(Matter of Guptill Holding Corp. v State of New York,* 33 AD2d 362, 365, *affd* 31 NY2d 897) or used the corporation to transact his personal business *(see, Matter of Total Care Health Indus. v Department of Social Servs., supra).* The corporate entity may also be disregarded upon a showing of fraud, illegality or wrongdoing *(see,* 13 NY Jur 2d, Business Relationships, § 26, at 287-291). To be sure, such a showing in small claims court need not be great and "alleged errors in the presentation of evidence or pleadings are not reviewable [by this court]" *(Blair v Five Points Shopping Plaza,* 51 AD2d 167, 169, *supra).* Our review of the record, however, reveals a complete dearth of *any* evidence supporting the conclusion that defendant was properly held liable for the money owed plaintiffs. Nothing was offered to show defendant's control over the Resort or that any fraud or misrepresentation was perpetrated. There is no basis in the record to support Town Court's purely conclusory remark that defendant and the Resort were essentially alter egos and the finding of individual liability based thereon is a readily apparent deviation from substantive law. Accordingly, County Court's affirmance should be reversed and the complaints dismissed.

Order reversed, on the law, without costs, judgments of the Town Court of the Town of Lake George reversed and complaints dismissed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.