■ Nancy M. Conover, Respondent, v Loretta D. Burkich et al., Appellants.—Appeal from an order of the County Court of Warren County (Moynihan, Jr., J.), entered February 20, 1992, which affirmed a judgment of the Town Court of the Town of Queensbury in favor of plaintiff.

County Court's order affirmed a judgment involving a small claims action. The standard of review of a small claims judgment is limited to whether "substantial justice has not been done between the parties according to the rules and principles of substantive law" (UJCA 1807), and such judgments should not be overturned unless they are clearly erroneous *(see, Lockwood v Niagara Mohawk Power Corp.,* 112 AD2d 495). In light of these standards and based on the record before us, it cannot be said that substantial justice was not done between the parties *(see, Scaringe v Holstein,* 103 AD2d 880).

Defendants were hired by plaintiff's husband to pursue collection of a judgment. Prior to collecting on the judgment they were also retained by the husband to represent him in his divorce action with plaintiff. Although plaintiff was listed as a creditor along with her husband on the judgment, defendants, upon collecting on the judgment, paid over the entire amount to the husband and never even notified plaintiff of their actions. It is true that an agent who receives money with a direction to hand it over to a third person is accountable only to the agent's principal unless the agent has entered into a binding contract with the third person *(see,* 3 NY Jur 2d, Agency, § 296, at 116). Here, however, on the property execution served upon the Sheriff, defendants indicated that they were representing both plaintiff and her husband, thus giving

the Sheriff the impression that they were agents for both plaintiff and her husband and were collecting for the benefit of both. The Sheriff, in handing the proceeds over to defendants, was therefore led to believe that he was complying with his duty to deliver to the appropriate judgment creditor (see, 6 Weinstein-Korn-Miller, NY Civ Prac ¶ 5233.02; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5232:3, at 390). Defendants were well aware that plaintiff as well as her husband had an interest in the proceeds and in fact were listing themselves as her representative. Defendants' contrary arguments are unavailing and are rejected.

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.