■ Steven Siegel, Respondent, v Steven E. Galderisi, Doing Business as Swim King, Appellant. [642 NYS2d 390] —Yesawich Jr., J. Appeal from an order of the County Court of Ulster County (Bruhn, J.), entered February 28, 1995, which affirmed a judgment of the Town Court of the Town of Shawangunk in favor of plaintiff.

County Court's order affirmed a judgment involving a small claims action brought to recover damages sustained to property as a result of a negligently installed swimming pool liner. The standard of review of a small claims judgment is limited to whether "substantial justice has not been done between the parties according to the rules and principles of substantive law" (UJCA 1807). As a result, " 'such judgment[ ] should not be overturned unless [it is] clearly erroneous' " (*Makas v Every*, 224 AD2d 793, 794, quoting *Conover v Burkich*, 187 AD2d 803).

Defendant maintains that Town Court erred in denying his belated motion to dismiss on the ground that he was not the proper party to be sued, which he apparently advanced at some point during the course of the hearing. Significantly, defendant

is not arguing, and did not present proof to the effect, that Swim King is incorporated and that the corporation should have been named in the suit. Instead, defendant contends, based upon certain preprinted language on an estimate form, that the proper party to be sued herein should have been "Segal Home Recreations, Ltd.", doing business as "SWIM KING POOLS & SPAS". However, the record also contains a number of invoices addressed to plaintiff from "Swim King" in which defendant is named as president, and defendant, though present at the hearing, did not testify that he did not operate a business by that name. Given this proof and defendant's posture in defending this lawsuit, we cannot conclude that the determination "failed to produce substantial justice between the parties" (*Scaringe v Holstein*, 103 AD2d 880, 881).

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.