■ JON D. ELLETSON, Respondent, v BONDED INSULATION COMPANY, INC., Appellant. [708 NYS2d 511] —Spain, J. P. Appeal from an order of the Supreme Court (Sise, J.), entered April 26, 1999 in Montgomery County, which, *inter alia*, denied defendant's cross motion for summary judgment dismissing plaintiff's claims for unpaid royalties.

In February 1987, plaintiff and Michael Murphy, as sole shareholders of Bonded Insulation Company, Inc., entered into an asset purchase agreement (hereinafter the agreement) with E.J. Power Inc. (hereinafter Power). Pursuant to the agreement, Power acquired Bonded Insulation Company, Inc., a cellulose insulation business engaged in the manufacturing and selling of cellulose fiber insulation. After the acquisition, Power changed its corporate name to Bonded Insulation Company, Inc. (hereinafter defendant). The agreement, *inter alia*, provided that defendant pay royalties to plaintiff and Murphy* for cellulose insulation sold by defendant over a five-year period. The royalty agreement was apparently formulated so as

---

* Murphy has voluntarily discontinued his action and is no longer a party.

to provide the sellers with additional payments totaling upwards of $300,000 to offset funds which Power lacked to consummate the purchase at the agreed-upon purchase price.

The royalty provisions contain an exemption clause—inserted at Power's behest—which states in relevant part, "in no event shall [defendant] be obligated to pay royalties to [plaintiff] on [defendant's] sales of insulation to any customer accounts acquired by [defendant] in connection with [defendant's] acquisition of any insulation business other than [plaintiff's] business".

Thereafter, within the relevant five-year period, defendant entered into two additional purchase agreements. The first purchase agreement was with Northern Cellulose Products Inc. wherein defendant acquired Northern's customer list, good will and various assets. The Northern agreement also contained a noncompete clause and provided for the dissolution of Northern's manufacturing facility. The second purchase agreement was with Norman Buisch wherein Buisch transferred to defendant his right, title and interest to, *inter alia*, a registered trademark known as TASCO—his name brand of cellulose insulation—and his TASCO customer list. Buisch did not manufacture insulation but, rather, granted a license to a separate and independent manufacturer to make insulation which was packaged and sold under the TASCO name. The manufacturer paid Buisch a per bag royalty. Defendant did not acquire the independent manufacturing business.

Plaintiff commenced this breach of contract action for, *inter alia*, defendant's nonpayment of royalties on its sale of insulation to former customers of Northern and TASCO. Defendant answered and counterclaimed. Plaintiff, thereafter, moved for summary judgment seeking a judgment against defendant for its failure to pay royalties on its sales of insulation under the TASCO brand name. Defendant cross-moved for summary judgment dismissing plaintiff's claims for unpaid royalties. Supreme Court denied both motions holding that the terms of the exemption clause are subject to divergent, but reasonable, interpretations, thereby creating a question of fact. Defendant appeals.

It is well settled that where parties express their intent in a clear and complete contract, the writing must be enforced according to its terms (*see, Matter of Wallace v 600 Partners Co.,* 86 NY2d 543, 548). Defendant, contending that it in fact has acquired two insulation businesses, asserts that the term "insulation business" as modified by the term "any" is clear, explicit and all inclusive; and that the plain intent of the

exemption clause was to prevent the payment of royalties by defendant for sales of insulation to customers who were not produced by the sales and marketing effort of defendant, but, rather, were the fruits of defendant's acquisition of *any* type of insulation business. Defendant further contends that "any insulation business" cannot be reasonably interpreted, as proffered by plaintiff, to be restricted to only insulation businesses—like defendant—which manufacture, package and transport.

Plaintiff, on the other hand, points to the ordinary meaning of "business" as "commercial or mercantile activity customarily engaged in as a means of livelihood" or a "commercial or industrial enterprise" (*see,* Webster's Third New International Dictionary 302 [unabridged 1981]). Plaintiff further asserts that the parties understood "insulation business" to mean the manufacturing and selling of cellulose fiber insulation—similar to defendant's complete operation—and that in everyday speech the terms business and trademark are distinguishable.

The determination of whether a term in a contract is ambiguous is a question of law for the courts (*see, Matter of Wallace v 600 Partners Co., supra,* at 548; *see also, Seiden Assocs. v ANC Holdings,* 959 F2d 425, 429), and "before the rules governing the construction of ambiguous contracts are triggered, the court must first find [an] ambiguity" (*Breed v Insurance Co.,* 46 NY2d 351, 355). Moreover, an ambiguity does not exist "simply because the parties urge different interpretations. Nor does ambiguity exist where one party's view 'strain[s] the contract language beyond its reasonable and ordinary meaning' " (*Seiden Assocs. v ANC Holdings, supra,* at 428, quoting *Bethlehem Steel Co. v Turner Constr. Co.,* 2 NY2d 456, 459). In our view, there is merit to defendant's assertion that the term "any insulation business" is clear and explicit, conveying in its plain and simple terms that defendant did not have to pay royalties to plaintiff on the sale of insulation to any customers acquired through defendant's acquisition of entities engaged in any type of insulation business. Moreover, even if we were to find an ambiguity we would still resolve it in favor of defendant by taking into consideration the context in which the questioned term was used without "an excursion beyond the four corners of the document" (*Matter of Wallace v 600 Partners Co., supra,* at 548). Accordingly, we conclude that no royalties are due plaintiff from defendant's sale of insulation to former customers of TASCO and Northern.

However, issues of fact still remain with respect to plaintiff's allegation that royalties are owed to him arising out of sales of

insulation to certain of his former customers which were wrongfully excluded from payment under the guise that defendant was selling that insulation to former customers of TASCO or Northern. We also find issues of fact arising out of plaintiff's assertion that, although TASCO customers may fall within the exclusion, sales to former customers of the independent manufacturer which supplied insulation to TASCO should not have been excluded from royalties due plaintiff. Because issues of fact regarding defendant's calculation of royalties still remain, Supreme Court's order should be affirmed.

We reject defendant's contention that plaintiff failed to properly respond to its cross motion for summary judgment. A party opposing a motion for summary judgment must produce evidentiary proof in admissible form, or demonstrate an acceptable excuse for failure to do so, which would rise to the level of creating a question of fact necessitating a trial (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). In opposition to defendant's cross motion, plaintiff submitted his own affidavit along with exhibits which challenge defendant's affiants, deposition testimony and an attorney affidavit, all of which constitute sufficient proof in evidentiary form creating legitimate questions of fact.

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.