OPINION OF THE COURT
Cheryl F. Coleman, J.
Plaintiff commenced this small claims action to recover $774 for the cost of the City’s “clean up” to his property. A small claims trial was held on October 9, 2002. The court makes the following findings of fact:
*545 On. August 3, 2001 and October 1, 2001, the Department of General Services did a lot “clean up” on plaintiffs property at 432 Elk Street in Albany. Defendant charged plaintiff $427.50 and $346.50, respectively, for each “clean up.” On each occasion, a notice was taped on the door to the property pursuant to section 313-40 of the Code of the City of Albany. On each occasion, plaintiff never received these notices prior to the “clean up” by the defendant, as the property in question was not plaintiffs legal residence.
Section 313-40 of the Code of the City of Albany (insofar as it applies) states as follows:
“A. All property owners * * * within the City of Albany shall at all times maintain that property * * * free of litter and debris, * * * ground cover shall be properly established and maintained; and heavy undergrowth and/or accumulation of the plant growth which are noxious or detrimental to the public health, safe [sic] and welfare shall be eliminated.
“B. Upon inspection of the property, the Commissioner of the Department of General Services * * * after giving the property owner * * * 24 hours’ notice, in writing, posted on the property, of the condition of the property or sidewalk, the fact that it is in violation of this article and his or her intention to act to correct it if the property owner * * * fails to do so, [shall] correct the violation, and the cost of such work shall be charged to the owner of the property * * * so notified. In no event shall the charge be less than $20.
“C. If unpaid after 20 days of presentment of a statement from the city setting forth said charges, the same shall be added to the tax bill assessing said property and remain a lien against the property upon which the work is done and shall be collected by the city from the owner of such property in the same manner as taxes are collected * *
Section 1804 of the Uniform City Court Act sets forth the procedure to be followed when conducting a small claims trial. The court is required “to do substantial justice between the parties according to the rules of substantive law” (UCCA 1804; see also, Blair v Five Points Shopping Plaza, 51 AD2d 167 [3d Dept 1976]).
Plaintiff claims that the statute in question is unconstitutional as it fails to provide notice and due process to the *546 plaintiff. It is a cardinal rule of law that notice is an essential element of due process of law. (Connecticut Mut. Life Ins. Co. v Moore, 297 NY 1 [1947], appeal dismissed in part 332 US 788 [1947] , affd in part 333 US 541 [1948], reh denied 334 US 810 [1948] .) And the notice must be reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action or proceeding and to afford them an opportunity to present their objections. It must be of such a nature so as to convey the required information and must afford a reasonable time for those interested to respond. (Mullane v Central Hanover Trust Co., 339 US 306, 314-315 [1950].) Compliance with procedural due process requires compliance with three component factors involving (1) the content of the notice, (2) the mode and time of delivery, and (3) the characteristics of the recipient. Furthermore, each case must be approached pragmatically, without “a mechanical formula or a rigid set of rules.” (Dobkin v Chapman, 21 NY2d 490, 502 [1968].)
In the present case, by claiming that process was served at an address that is not the legal address or residence of the recipient, and that not enough time was given to respond to the notice, plaintiff is raising questions as to the sufficiency of the mode and time of delivery of the notice. The within statute provides that notice to the property owner of his/her failure to maintain the property shall be in writing and posted on the property, and shall give the property owner 24 hours’ notice of the City’s intention to act to “clean up” the property if the property owner fails to do so, and the cost of such work shall be charged to the owner of the property. The question before the court is whether such notice apprises the property owner of the City’s claim that he/she has not properly maintained the property, and that his/her failure to do so will result in the City maintaining the property on the owner’s behalf and billing him/her for the work.
It is clear that the statute does not take into account the possibility that the property owner does not reside at the property in question. There are many property rentals in the City of Albany. Notice by posting to the property address clearly does not apprise the property owner who rents out his/her property any notice at all. The owner does not live there, does not work there, and according to the City, does not even visit to maintain the property. Any notice which is posted on such a property is not likely to apprise the owner of anything, as it is unlikely that the owner will ever receive such a notice; and if the owner does eventually receive the notice, it is unlikely that *547 it will be received prior to the City “maintaining” the property itself.
Additionally, 24 hours’ notice to the property owner, even if he/she resides at the property in question, does not seem to this court to be reasonably calculated to apprise the owner of the claims and intentions of the City and to afford the owner an opportunity to present his/her objections.
Therefore, the court finds that section 313-40 of the Code of the City of Albany is unconstitutional as it fails to provide reasonable notice and due process of law to a property owner of the City’s findings and fails to afford the owner the opportunity to present his/her objections and/or correct the problem(s). For this reason, the court finds that the defendant is liable to the plaintiff for $774 (the cost of the City’s “clean up” to his property). Therefore, judgment shall enter in favor of the plaintiff and against the defendant in the sum of $774, together with costs and disbursements to be taxed by the Clerk.