■ NORTH40RE REALTY LLC, Respondent, v DEXTER BISHOP, Appellant. [770 NYS2d 193]—

Spain, J. Appeal from an order of the County Court of Rensselaer County (Hummel, J.), entered February 26, 2003, which reversed a judgment of the City Court of the City of Troy rendered in favor of defendant.

Plaintiff commenced this commercial small claims action in the City Court of the City of Troy seeking to recover real estate commissions due under an exclusive brokerage agreement between plaintiff and defendant. Following a hearing, City Court ruled in favor of defendant and dismissed the action. On plaintiff's appeal, County Court reversed and awarded $2,475 to plaintiff. Defendant appeals and we affirm.

It is undisputed that, while obligated under a written exclusive real estate brokerage agreement with plaintiff, defendant purchased property in the Town of Brunswick, Rensselaer County. In clear and unqualified terms, the brokerage agreement provides that, under such circumstances, defendant would pay plaintiff 2.5% of the purchase price. Although defendant demonstrated that plaintiff did not represent him in the purchase of the property, his obligation to pay the commission on any property purchased during the relevant time period is, under the terms of the brokerage agreement, in no way conditioned upon plaintiff's efforts or participation in bringing about the sale. Moreover, inasmuch as defendant refused to allow plaintiff any involvement in the purchase negotiations (because the seller refused to deal with realtors), it cannot be said that plaintiff's failure to participate in the purchase was a breach of its duties under the brokerage agreement.

Although appellate review of small claims judgments is limited to determining whether "substantial justice has . . . been done

between the parties according to the rules and principles of substantive law" (UJCA 1807), reversal is appropriate where there has been a deviation from substantive law which renders the determination clearly erroneous (*see Rothermel v Ermiger,* 161 AD2d 1016, 1016-1017 [1990]). Here, County Court correctly concluded that, under principles of basic contract law, plaintiff is entitled to the commission under the clear, unambiguous terms of the exclusive brokerage agreement (*see Elletson v Bonded Insulation Co.,* 272 AD2d 825, 826 [2000]) and, thus, City Court's decision to the contrary required reversal (*see Rothermel v Ermiger, supra* at 1017; *Lockwood v Niagara Mohawk Power Corp.,* 112 AD2d 495, 496-497 [1985]; *Manupella v Marine Midland Bank,* 89 AD2d 641 [1982]; *cf. Moses v Randolph,* 236 AD2d 706, 707 [1997]).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.