OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed without costs and defendant’s motion for summary judgment is denied.
Plaintiff brought this commercial claims action seeking to recover the sum of $5,000 for a commission allegedly due pursuant to an oral real estate brokerage contract. In support of defendant’s motion for summary judgment dismissing the action, defendant’s president, Nelle Nugent, asserted that defendant had leased certain rental space without plaintiffs assistance and denied having entered into an exclusive brokerage agreement with plaintiff. In opposition to the motion, plaintiff interposed the affidavit of its managing member, Steven Elliot Eluto, who stated that one Kenneth Peatón had represented that he was an executive of defendant and that defendant, acting through Peatón, had entered into an exclusive tenant representation agreement with plaintiff pursuant to which plaintiff would be paid for brokerage services regardless of whether plaintiff actually located the space that defendant rented. Plaintiff did not claim to have participated in locating the property that defendant ultimately rented, but asserted that this was irrelevant to its contractual right to a commission. The Civil Court granted summary judgment to defendant upon a finding that, in opposition to defendant’s motion, plaintiff had not offered any evidence of an exclusive contract or any proof of having shown defendant the premises which defendant ultimately rented.
Plaintiff asserts on appeal that it was deprived of “procedural due process” because it had no pretrial disclosure, including depositions. Plaintiff also argues that the Commercial Claims Part of the Civil Court lacked jurisdiction to determine this motion because the action had been transferred out of the Commercial Claims Part. These contentions, however, are supported neither by the law nor the record of the case. Disclosure is unavailable in commercial claims procedure except by order of the court upon a showing of proper circumstances (CCA 1804-A). Here, it appears that plaintiff may have claimed damages in excess of *40 $5,000 and indicated its need for discovery at a conference of the commercial claims action. On October 29, 2007, the case was ordered transferred to the regular part of the Civil Court upon payment of the applicable fee, and the matter was set down for calendar control in the Commercial Claims Part on January 31, 2008. It appears that, on the latter date, the applicable fee for transfer had not been paid. Indeed, no fee had been paid nor had any demands or motions for pretrial disclosure been filed as of August 1, 2008, when defendant served its motion for summary judgment.
Defendant premised its motion on the alleged lack of an exclusive brokerage agreement between the parties, and on defendant’s having located the premises it rented without plaintiffs participation. We note that there is no requirement that a contract to pay a duly licensed real estate broker be written (see General Obligations Law § 5-701 [a] [10]; see also Strategic Alliance Partners, LLC v Dress Barn, Inc., 386 F Supp 2d 312, 316 [SD NY 2005]). Moreover, where parties have entered into an exclusive brokerage agreement, depending upon the terms of the agreement, the broker’s entitlement to a commission may not be conditioned upon the efforts of the real estate broker in bringing about the specific real estate transaction (see North40RE Realty v Bishop, 2 AD3d 1184 [2003]).
Here, the contradictory assertions of the parties established a material issue of fact as to whether they had entered into an oral exclusive brokerage agreement pursuant to which plaintiff was entitled to recover a commission. The existence of this issue precluded summary judgment.
Since substantial justice was not done between the parties according to the rules and principles of substantive law (CCA 1807-A), we reverse the order of the Civil Court and deny defendant’s motion for summary judgment.