Torres v Colombia/Colombio Towing (2026 NY Slip Op 50117(U))

[*1]

Torres v Colombia/Colombio Towing

2026 NY Slip Op 50117(U)

Decided on February 3, 2026

Civil Court Of The City Of New York, Bronx County

Guglielmo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 3, 2026
Civil Court of the City of New York, Bronx County

Jason Torres, Claimant,

againstColombia/Colombio Towing and BRONX JUNK CAR DEPOT, Defendant(s).

Index No. SC-001047-25/BX

Dawn Guglielmo, J.

On December 4, 2025, the Court held a bench trial in this small claims action in accordance with the Court Notice dated August 21, 2025. Claimant, Jason Torres (hereinafter "claimant"), appearing self-represented, presented documentary evidence and testified in support of his claim against defendants, Colombia/Colombio Towing and Bronx Junk Car Depot (hereinafter "Columbia Towing;" Bronx Junk Depot;" or collectively as "defendants"), to recover a sum of $2,800.00 as against each defendant for damages caused to claimant's automobile with interest.[FN1]
Defendants, who also appeared self-represented, submitted documentary evidence and presented testimony from the owner of Columbia Towing, Ruben Dario Martinez, and a manager of Bronx Junk Depot, Norman Siegel, in defense to claimant's complaint (hereinafter "Mr. Martinez" and "Mr. Siegel," respectively).[FN2]

Upon due deliberation and consideration of the allegations, testimony and evidence, [*2]claimant's action is decided as follows, for the reasons stated below.
Claimant testified that his vehicle, a distinctive red 1990 Honda Civic, was discovered missing from where he parked it the night before, on Soundview Avenue, on the morning of May 14, 2025; that he reported said vehicle stolen at 9 a.m. on that same day; and that he asked many of his friends in the area to see if they had seen his vehicle after he realized it had been stolen. Claimant also testified that his stolen vehicle was brought to Columbia Towing by the thieves; that he knows this because he called Columbia Towing after a relative who works in the towing industry recognized claimant's car and defendant's distinctive tow truck with said vehicle thereon; that Columbia Towing towed his stolen vehicle to Bronx Junk Depot; and that claimant received a video from Columbia Towing. Claimant further testified that when he called Columbia Towing, an employee admitted that Columbia Towing received his vehicle and towed it to Bronx Junk Depot; that he was further told the thieves stripped his vehicle of "what they wanted" inside Columbia Towing's facility and then took the vehicle for destruction at Bronx Junk Depot. Claimant then presented documentary evidence, to wit, color photographs depicting a tan Saturn with Virginia state license plate no. TST-2616, which claimant testified, according to an employee of Columbia Towing, was the vehicle driven by two of the individuals who took claimant's stolen vehicle to Columbia Towing at 997 Prospect Avenue; photos of those two individuals; a photo of one individual in a tank top who drove claimant's stolen vehicle to Columbia Towing's location; photos of claimant's 1990 red Honda Civic being towed from Columbia Towing's location; a photo of the passport of Richard Michael Castro which identification was provided to Columbia Towing to tow the vehicle to Bronx Junk Depot; and a photo of claimant's crushed red vehicle (collectively marked as claimant's 1).[FN3]
Claimant further testified that he looked up the "blue book value" of the year, make, and model of his destroyed vehicle and it was $2,800.00. Claimant further testified that no title or keys were given to Columbia Towing or Bronx Junk Depot for said vehicle as claimant still possesses the keys; and that neither Columbia Towing nor Bronx Junk Depot checked the Vehicle Identification Number to see whether the car had been reported stolen before having said vehicle destroyed.
On behalf of Columbia Towing, Mr. Martinez corroborated portions of claimant's testimony and testified that a passport was presented by that individual in order to "junk the vehicle;" that said vehicle was driven to his business; that the individual wearing the hat, as depicted in the photos, arrived with the person who presented the passport; and that the man in the tank top, as depicted in the photos, was the one driving said red Honda Civic to Columbia Towing's location. Mr. Martinez also testified that these individuals were together and told Mr. Martinez that the car was to be "junked;" that he had the individual presenting his passport complete a NYS Department of Motor Vehicles form entitled "Statement of Vehicle Owner Who Does Not Have a Valid Title" (a.k.a. MV-35); and that this form is then presented to the junk facility as proof of ownership.[FN4]
Upon the court's inquiry regarding whether this seemed [*3]suspicious or unusual, Mr. Martinez testified that a car can be "junked" where an individual provides an identification, even if they do not provide a title to the vehicle. Mr. Martinez confirmed that claimant called Columbia Towing, and that Columbia Towing provided their surveillance video to claimant.
On behalf of Bronx Junk Depot, Mr. Siegel presented documentary evidence (collectively marked as defendants' exhibit A), which included a printout confirming that Bronx Junk Car Depot LLC is a licensed scrap processor with the NYS Department of Motor Vehicles (hereinafter "NYS DMV" or "DMV"). Mr. Siegel testified that the mechanism that the Vehicle and Traffic Law (hereinafter "VTL") has in place when a facility such as theirs accepts a car, is to either receive the title or, in lieu of the title, the person attesting that they are the owner of the vehicle along with identification can fill out the DMV form; and that the scrap processor receives the completed MV-35 form with identification from the owner and the agent who brings the vehicle to the scrap processor. Mr. Siegel also provided a NYS DMV printout of the information and regulations for junk and salvage businesses as part of defendants' exhibit A with highlighted portions of § 81.8 (a)(3), upon which he was relying for his defense. Mr. Siegel also testified that Bronx Junk Depot has no mechanism to run Vehicle Identification Numbers; that they only require identification from the person purporting to be the owner of the car as well as the person bringing a vehicle to their facility. Mr. Siegel further testified that Bronx Junk Depot's only obligation is to report any disposed vehicles to the federal government, which was done here.[FN5]
Mr. Siegel re-asserted that the VTL allows for Bronx Junk Depot's acceptance of a car via only the MV-35 form as long as they have proof of who owns the car via their signature on that form, as well as proof of the delivery agent, to wit, Columbia Towing through Mr. Martinez. Through the collective testimony of both defendant witnesses, summarily their asserted defense appears to be that NYS law allows their acceptance of a vehicle for destruction through a valid identification of any kind and a signed MV-35 form, with nothing more required on their part.
Claimant further stated that the MV-35 form provided by defendants incorrectly states that the vehicle is a 1989 red Honda Civic when, it should correctly state a 1990 red Honda Civic; and that Columbia Towing is towing vehicles in New York City without a medallion. In closing, claimant states that this vehicle had been in his family for thirty years and that he worked on it over the years with his deceased father.
At the outset, as the Court has learned that the true names of defendants, Colombia/Colombio Towing and Bronx Junk Car Depot, are Columbia Towing, Inc. and Bronx Junk Car Depot LLC, respectively, the Court hereby amends the caption to reflect defendants' true names in accordance with UJCA § 1814. The Clerk of the Court shall amend the caption to reflect defendants' correct names, Columbia Towing, Inc. and Bronx Junk Car Depot LLC, and all prior proceedings and papers to conform to the instant determination. 
It is well-settled that "[o]n a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large [*4]measure on considerations relating to the credibility of witnesses" (Claridge Gardens v Menotti, 160 AD2d 544, 544—545 [1st Dept 1990]). "This standard applies with greater force to judgments rendered in the Small Claims Part, which is commanded to 'do substantial justice between the parties according to the rules of substantive law' (CCA 1804). This provision has been interpreted to mean that 'in general, alleged errors in the presentation of evidence or pleadings are not reviewable upon appeal as they are not a basis for reversal of a judgment'" (Williams v Roper, 269 AD2d 125 [1st Dept 2000], quoting Blair v Five Points Shopping Plaza, 51 AD2d 167, 169 [3d Dept 1976]).
15 NYCRR 81.1 supplements provisions of sections 415-a, 429, and 430 of the Vehicle and Traffic Law and in relevant part, provides definitions for proof of ownership for a junk and salvage vehicle. Specifically, as relevant in the instant matter, in the case of a vehicle 8 or more model years old, and worth $1250 or less, form MV-35, signed and properly completed by the owner of the vehicle is one such way to establish ownership for junk and salvage purposes (15 NYCRR 81.1 [b][8][vi]).
It appears undisputed from the sworn testimony and evidence presented that claimant's 1990 red Honda Civic was stolen in Bronx County; that at least three individuals brought a red Honda Civic to Columbia Towing on May 15, 2025; that said vehicle was claimant's vehicle; that at least two individuals arrived in a Saturn vehicle with Virginia license plates; and that the other individual arrived driving the red Honda Civic. It also appears undisputed that these individuals removed parts of said vehicle and told Columbia Towing that the car was then to be "junked." It is the assertions of both defendants that an identification and the signed MV-35 form is all that is required to have allowed for this vehicle to be towed and destroyed without any need for further inquiries. However, the Court neither agrees with defendants' interpretation of the statute and that they are fully insulated from liability nor that defendants were not required to exercise reasonableness and due diligence in the face of seemingly suspicious circumstances (see e.g. Baran v Weitsman's Scrap Yard, 47 Misc 3d 512, 516 [City of Jamestown City Ct 2015] [holding that VTL section 429 which created the MV-35 form, does not abrogate "the common-law rules that an innocent purchaser takes no title from a thief"], citing Green v Wachs, 254 NY 431 [1930]; DiLorenzo v General Motors Acceptance Corp., 29 AD2d 853 [2d Dept 2006] ["and that a bona fide purchaser from a thief is liable in conversion to the thief's victim"], citing Gruntal v National Surety Co., 254 NY 468 [1930]; [remainder of internal citations omitted]).
The statute requires the owner of the vehicle to complete the MV-35 form (15 NYCRR 81.1 [b][8][vi] [emphasis added]). Here, not only was the individual who signed the MV-35 form a different person than the one who arrived driving the red Honda Civic to be "junked," the identification provided was not a driver's license which an owner of a vehicle would logically possess and present for purposes such as here, but rather a passport without any address thereon, and there is no evidence that defendants made any efforts of inquiry. Additionally, the MV-35 form was only completed and signed as "Richard Michael" while leaving out his surname of "Castro." Thus, this form was not, in fact, a completed MV-35 form within the meaning of the statutes upon which defendants seemingly rely in their defense (see e.g. Baran at 517 [finding that regulatory requirement under 15 NYCRR 81.1[b][8] "that the MV-35 must be 'signed and properly completed by the owner of the vehicle' bespeaks a regulatory intent to provide only the true owners of older vehicles with a means of disposing of them as scrap"]). There was also no testimony or evidence presented that either defendant made any due diligence efforts to confirm the value of the vehicle as being within the statute, to wit, $1250 or less (id. at 517-518 [finding [*5]that defendant acted with perceived impunity as their thought process appears to have been why bother]).
This Court credits the testimony of claimant and finds that claimant has proved his prima facie claim through credible testimony and evidence. Claimant demonstrated that he was the rightful owner of the 1990 red Honda Civic at issue; that it was stolen and brought to defendants' facilities; and that the value of said vehicle was $2,800. Defendants fail to present evidence or testimony sufficient to rebut claimant's showing. Therefore, claimant is entitled to judgment against defendants (see e.g. Baran, 47 Misc 3d at 518 [holding that scrap processor who accepts a stolen vehicle from a thief who executes a DMV MV-35 form is not shielded from liability in a subsequent action for conversion brought by the vehicle's rightful owner]).
Accordingly, it is hereby
ORDERED that the caption of this action shall now read:
CIVIL COURT OF THE CITY OF NEW YORKCOUNTY OF BRONX: PART 45JASON TORRES,Claimant, Index No.: SC-001047-25/BX
against
COLUMBIA TOWING, INC. andBRONX JUNK CAR DEPOT LLC,Defendants.
And it is further
ORDERED that the Clerk of the Court mark the file accordingly to reflect defendants' correct names, and all prior proceedings and papers to conform to the instant determination; And it is further
ORDERED that the Clerk shall enter judgment in favor of claimant, JASON TORRES, against defendants, COLUMBIA TOWING, INC. and BRONX JUNK CAR DEPOT LLC, for $2,800.00, with interest from May 15, 2025, plus costs and disbursements.
This constitutes the Decision and Order of the Court.
Date: February 3, 2026

Footnotes

Footnote 1: Claimant sued "Colombia/Colombio Towing" with business address 997 Prospect Avenue, Bronx, NY 10459. However, the Court takes judicial notice of the information listed on the New York State corporation website (see 
https://opengovny.com/corporation/2707678) that the correct name for this active corporation owned by Rubin Martinez (sic) as CEO is "Columbia Towing, Inc." with a service and location address of 2874 East 196th Street, Bronx, NY 10461 (see Commissioners of State Ins. Fund v Brooklyn Barber Beauty Equip. Co., 191 Misc 2d l, 6 [Civ Ct, New York County 2001] [holding that a court may take judicial notice of matters of public record....and information culled from public records] [internal citations and quotation marks omitted]). Additionally, 2874 East 196th Street is the address that is listed on Ruben Martinez's NYS driver's license as submitted to the Court in defendants' exhibit A.

Footnote 2:A Spanish language court interpreter was provided for Columbia Towing owner, Ruben Martinez.

Footnote 3:Claimant testified that some of these photos were still images obtained from Columbia Towing's video surveillance. 

Footnote 4:This form is part of Bronx Junk Depot's evidence but was presented by Mr. Siegel during Mr. Martinez's testimony since their defenses involve the same surrounding facts and circumstances (collectively marked as defendants' exhibit A).

Footnote 5:Such was confirmed as reported post-destruction by Bronx Junk Depot to the National Motor Vehicle Information System ("NMVTIS") on or about September 26, 2025, which stated that said vehicle was received by Bronx Junk Depot on May 15, 2025, via printout provided of such reporting as contained in defendants' exhibit A.