Conrad Real Estate, LLC v Eastman Realty (2026 NY Slip Op 50210(U))

[*1]

Conrad Real Estate, LLC v Eastman Realty

2026 NY Slip Op 50210(U)

Decided on February 13, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 13, 2026
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2025-692 K C

Conrad Real Estate, LLC, Respondent,
againstEastman Realty, Appellant. 

Sean R. Smith, for appellant.
Conrad Real Estate, LLC, respondent pro se (no brief filed).

Appeal from a decision of the Civil Court of the City of New York, Kings County (Delsia G. Marshall, J.), entered July16, 2024, deemed from a judgment of that court entered March 7, 2025 (see CPLR 5512 [a]). The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,500.

ORDERED that the judgment is affirmed, without costs.
In this commercial claims action, plaintiff seeks to recover the principal sum of $10,000 based on defendant's failure, in effect, to split a brokerage commission with it. At a nonjury trial, plaintiff's owner, Timothy Intravia, who is a licensed real estate broker, testified that, in August 2022, he had brought his client to view, as a potential rental space, a warehouse at 257 Van Brunt Street, Brooklyn, New York. He also showed his client several other properties. Between August and September 2022, in a series of emails, Mr. Intravia and defendant's representative, Andy To, negotiated the terms of a possible lease of the warehouse. In late September 2022, Mr. Intravia learned that defendant had leased the warehouse to plaintiff's client. Defendant denied plaintiff's demand, which was, in effect, to split a commission, claiming that the client had viewed the warehouse without plaintiff's involvement months before plaintiff showed the warehouse to the client.
Plaintiff brought this action seeking to recover, in effect, half of a commission. Mr. Intravia testified that, as he had never seen the lease, he did not know its terms. He based his calculations for a commission on a sum that was slightly lower than the rent he had discussed with Mr. To in their email exchange and on percentages which, he indicated, were the industry [*2]standard. Defendant did not challenge plaintiff's calculations, but rather contested plaintiff's claim that it had been the procuring cause of the lease. It also disputed plaintiff's claim to a recovery on the ground that there had not been a written agreement for the payment of a portion of a commission. Following the trial, in a decision dated July 6, 2024, the Civil Court (Delsia G. Marshall, J.) awarded plaintiff the sum of $2,500, upon a finding that plaintiff had been the procuring cause of the rental. Defendant's appeal from that decision is deemed to be from the judgment entered March 7, 2025 (see CPLR 5512 [a]) awarding plaintiff the principal sum of $2,500. Defendant's sole argument on appeal is that plaintiff's cause of action was barred by the statute of frauds.
In a commercial claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807-A [a]; see CCA 1804-A; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
In New York, the statute of frauds, which is generally codified in General Obligations Law § 5-701, specifically exempts licensed real estate brokers from the requirement that an agreement to pay compensation for services rendered be written to be enforceable (see General Obligations Law § 5-701 [a] [10]; Silber Inv. Props., Ltd. v BJG Islandia Realty, LLC, 236 AD3d 953 [2025]; Elhanani v Kuzinez, 172 AD3d 590, 591 [2019]; Steve Elliot, LLC v Foxboro Prods., 28 Misc 3d 38, 40 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). Thus, there is no merit to defendant's contention that plaintiff was barred from receiving a commission based on the parties' lack of a written agreement.
In view of the foregoing, we find no basis to conclude that the judgment failed to render substantial justice between the parties according to the rules and principles of substantive law (see CCA 1807-A [a]; 1804-A).
Accordingly, the judgment is affirmed.
MUNDY and OTTLEY, JJ., concur.
TOUSSAINT, P.J., taking no part.
ENTER:
Jennifer Chan
Chief Clerk
Decision Date: February 13, 2026