[679 NYS2d 219]

LINDA R. STERNFELD et al., Appellants, v WILDAY FORCIER, Respondent.

Third Department, November 5, 1998

## APPEARANCES OF COUNSEL

*Pattison, Sampson, Ginsberg & Griffin, P. C.,* Troy (*Gerald H. Katzman* of counsel), for appellants.

*Altreuter & Habermehl,* Buffalo (*William G. Altreuter* and *Michelle Parker* of counsel), for respondent.

## OPINION OF THE COURT

CARPINELLO, J.

Plaintiff Linda R. Sternfeld (hereinafter plaintiff) and her

husband, derivatively, commenced this personal injury action as the result of a 1994 motor vehicle accident. Defendant admitted liability and after a jury trial on the issue of damages only, plaintiffs were awarded a total verdict of $329,011, which included $41,575 for past lost wages, $9,256 for past medical expenses and $78,200 for future medical expenses over a period of 23 years. After trial, defendant moved to reduce the lost wage and medical expense portions of the verdict by the amount plaintiff had (or will in the future) receive from collateral sources, such as insurance, and to reduce the award for future medical expenses to present value. Defendant submitted evidence that plaintiff had received in excess of $100,000 for lost wages from a combination of her no-fault insurance carrier, a disability policy and Social Security disability, and that she was entitled to past and future health insurance coverage through her husband's employer. Accordingly, Supreme Court decreased plaintiff's award for past lost wages and past medical expenses to zero, decreased the jury's award for future medical expenses to present value, and then further reduced such award by the collateral source of the anticipated health insurance coverage of plaintiff's husband (after crediting plaintiffs for their out-of-pocket cost of premiums).[1] This appeal by plaintiffs followed.

Initially, we address plaintiffs' contention that Supreme Court utilized the wrong standard in construing defendant's burden of proof with respect to establishing collateral sources. CPLR 4545 (c) requires a court to determine whether an economic cost or expense was or will be replaced or indemnified "with reasonable certainty". Supreme Court opined that reasonable certainty is the equivalent of the "preponderance of the evidence" standard. The Fourth Department, however, has held that "[t]he term ' "reasonable certainty" ' is synonymous with the term ' "clear and convincing proof" ' " (*Caruso v Le-Frois Bldrs.*, 217 AD2d 256, 258-259, quoting Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4545:3, at 349), a conclusion with which we agree in light of the fact that the statute is in derogation of the common law (*see, Oden v Chemung County Indus. Dev. Agency*, 87 NY2d 81, 86) and, if applicable, results in the diminution of a

---

1. Since the jury failed to award plaintiff's husband any money for his derivative claim at trial, Supreme Court increased the verdict by $30,000 upon plaintiffs' motion for a judgment notwithstanding the verdict.

jury verdict.[2] Thus, we find that Supreme Court incorrectly applied a lesser standard of proof.

Notably, Supreme Court decided the collateral source issue on the papers without conducting a hearing as requested by defendant. Although such a hearing using the proper standard must be held regarding plaintiff's future physical therapy costs,[3] we conclude that there is sufficient evidence in the record on all other issues for this Court to make its own findings of fact (see, Ausch v St. Paul Fire & Mar. Ins. Co., 125 AD2d 43, 46, lv denied 70 NY2d 610). For example, we conclude that there is sufficient evidence to determine that defendant established that plaintiff's claim for past lost wages was replaced with a reasonable certainty. In this regard, we reject plaintiffs' claim that they should have received 20% of the jury's award for lost wages since plaintiff received only 80% of her wages under her no-fault coverage. Since the jury award for past lost wages ($41,575) was substantially less than what plaintiff actually received from all collateral sources specifically for wage reimbursements (over $100,000), the 80% formula used by her no-fault carrier to compensate her for lost wages is irrelevant.

Similarly, we reject plaintiffs' argument that the entire cost of health insurance coverage, including not only the out-of-pocket premiums paid by them but also that portion paid by the employer of plaintiff husband, should have been considered by Supreme Court in determining the credit due to plaintiffs. CPLR 4545 states that after a court determines how much a collateral source will replace or indemnify, it must subtract "an amount equal to the premiums *paid by the plaintiff* for such benefits for the two-year period immediately preceding the accrual of such action" (CPLR 4545 [c] [emphasis supplied]). We read the plain language of the statute to require that a court consider only plaintiffs' out-of-pocket expenses (not including the employer-paid portion) when crediting them for the amount of premiums (see, McKinney's Cons Laws of NY, Book 1, Statutes § 94). Accordingly, we find no error in this regard.

■ Turning to the issue of the award for plaintiff's future physical therapy, we conclude, as previously indicated, that this issue must be remitted for a collateral source hearing

---

2. In other contexts, reasonable certainty has been held to mean "capable of measurement based upon known reliable factors without undue speculation" (*Ashland Mgt. v Janien*, 82 NY2d 395, 403).

3. Defendant did not seek a collateral source reduction for future medical expenses other than for physical therapy.

before Supreme Court under the appropriate standard. There is a clear dispute in the record over whether medical insurance would be available for 23 years through her husband, a presently untenured teacher with questionable health and an alleged work expectancy of only another 14.3 years. The only evidence submitted by defendant purporting to establish that plaintiffs' coverage would last beyond retirement was an attorney's affidavit claiming that a representative of the husband's employer stated that the coverage would continue based upon a collective bargaining agreement not included on the motion. In contrast, plaintiffs submitted an excerpt from the subject insurance policy, which indicated that plaintiff's physical therapy over 23 years may not be covered if it is "designed only to prevent further deterioration". Given this conflict, we cannot say that defendant sustained his burden of establishing to a reasonable certainty that plaintiff would be "legally entitled" to the insurance coverage for the entire time period (CPLR 4545 [c]). Thus, a collateral source hearing must be held to explore whether plaintiffs would be able to maintain their health insurance coverage past the husband's retirement and whether physical therapy would be covered over the duration of the award.

Finally, we agree with plaintiffs that Supreme Court erred in reducing plaintiff's award for future medical expenses and physical therapy to present value. CPLR 5041 (e) clearly states that damage awards in *excess* of $250,000 must be reduced to their present value (*see, Greenway v Buffalo Hilton Hotel*, 951 F Supp 1039, 1068, *mod in part and affd in part* 143 F3d 47). As for awards below that amount, "[t]he court shall enter judgment in lump sum for * * * future damages not in excess of [$250,000]" (CPLR 5041 [b]). No mention is made of a reduction to present value if the future damages are less than $250,000. For awards of future damages in excess of $250,000, the present value of the required annuity contract is computed by *deducting* the first $250,000 and then calculating the present value of the remaining amount (*see, Rohring v City of Niagara Falls*, 84 NY2d 60, 66; *see also*, 1A NY PJI 3d, 1089). Therefore, it is not appropriate to reduce to present value those judgments for future damages less than $250,000 when judgments for future damages in excess of $250,000 are "present valued" only on the amount that exceeds $250,000.

Here, plaintiff was awarded future medical and physical therapy expenses of $3,450 and $74,750, respectively. While the total award of future damages was clearly below the

$250,000 limit, Supreme Court nevertheless adjusted them to present value, i.e., $1,738.50 and $37,657.63, respectively. Although defendant maintains that a failure to so reduce the award would result in a windfall to plaintiffs, we note that the statute includes an adjustment of 4% for inflation with respect to the larger awards that are paid out in installments (*see,* CPLR 5041 [e]; Governor's Approval Mem for L 1986, ch 682, 1986 McKinney's Session Laws of NY, at 3184), a benefit not awarded to plaintiffs, whose judgments are entered in a lump sum. Thus, the future medical expenses award must be restored to $3,450 and the final lump-sum award for future physical therapy, without reduction to present value, must await completion of the collateral source hearing.

CARDONA, P. J., PETERS, SPAIN and GRAFFEO, JJ., concur.

Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as reduced the award for future medical expenses and physical therapy costs to present value and granted defendant collateral source credit on the issue of future physical therapy costs; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.