In the Matter of KAREN PLOTZKER, Appellant, v JOHN J. CATONE, Respondent. [696 NYS2d 916] —Order unanimously affirmed without costs for reasons stated in decision at Monroe County Family Court, Kohout, J. (Appeal from Order of Monroe County Family Court, Kohout, J.—Support.) Present—Green, J. P., Hayes, Pigott, Jr., and Scudder, JJ.

 In the Matter of ELIZABETH T. SPECHT for the Appointment of a Guardian for Personal Needs and Property Management of ROBERT S. T., Petitioner. ROBERT S. T., Appellant; ELAINE T. KARRON, Respondent. [695 NYS2d 822] —Judgment unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: A judgment was entered subsequent to the order from which this appeal was taken. The order is subsumed in the judgment and the appeal is properly taken from the judgment, not the order (*see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988). We exercise our discretion to disregard the misstatement in the notice of appeal (*see,* CPLR 5520 [c]), and we deem the appeal to have been taken from the judgment (*see, Soto v Montanez,* 201 AD2d 876; *Hughes v Nussbaumer, Clarke & Velzy, supra*).

In this proceeding pursuant to Mental Hygiene Law article 81, the alleged incapacitated person (AIP) agreed to pay the award of a reasonable allowance to the court evaluator (*see,* Mental Hygiene Law § 81.09 [f]). After the court evaluator submitted her affirmation of services rendered, however, the AIP objected to the amount sought by the court evaluator. Under those circumstances, Supreme Court erred in determining the amount to be awarded the court evaluator without conducting a hearing (*see, Matter of Susan P.,* 243 AD2d 568, 569; *Matter of Stark,* 174 AD2d 746, 748). In addition, the court did not discharge its duty to explain, in writing, the reasons for awarding fees in excess of $2,500 (*see,* 22 NYCRR 36.4 [b]). We therefore reverse the judgment, and we remit the matter to Supreme Court to determine the amount of the reasonable allowance to be awarded the court evaluator. (Appeal from Judgment of Supreme Court, Monroe County, Affronti, J.—Mental Hygiene Law.) Present—Green, J. P., Hayes, Pigott, Jr., and Scudder, JJ.