■ FRANK LEO, Appellant, v THOMAS F. STEVENS et al., Respondents. [761 NYS2d 555] —Crew III, J.P. Appeal from an

order of the Supreme Court (Dowd, J.), entered November 5, 2002 in Otsego County, which granted defendants' cross motion for summary judgment dismissing the complaint.

Plaintiff purchased a restaurant from defendants located in the Village of Cooperstown, Otsego County. Plaintiff financed the transaction by acquiring a mortgage from a bank and executing a second mortgage in favor of defendants. The second mortgage note provided, inter alia, that plaintiff "pay interest on any unpaid amount at the rate, based on New York Prime Index, of eleven percent (11%) per year until such amount is paid in full." Several months following the closing, plaintiff advised defendants that the prime interest rate had dropped and that he was reducing his monthly payments to reflect such reduction. Defendants objected and insisted that plaintiff continue payment at a fixed rate of interest of 11%.

Plaintiff thereafter commenced this action for reformation of the underlying note claiming that its language is ambiguous and that the intent of the parties was to have a variable interest rate. Following joinder of issue, plaintiff moved for summary judgment reforming the note and mortgage, and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court granted defendants' cross motion and this appeal ensued.

We affirm. It is axiomatic that a contract that is clear and complete should be enforced according to its terms (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). In this regard, an ambiguity cannot be created by reference to evidence outside of the note (*see R/S Assoc. v New York Job Dev. Auth.*, 98 NY2d 29, 33 [2002]) or merely by asserting a different interpretation than that reflected in the note (*see Elletson v Bonded Insulation Co.*, 272 AD2d 825, 827 [2000]). If it is determined that an ambiguity does exist, the rules of construction require that it be construed against the drafter (*see Matter of Dube v Horowitz*, 258 AD2d 724, 725 [1999]).

With these principles in mind, it is clear that Supreme Court properly granted summary judgment to defendants. Here, the note clearly requires the payment of interest at 11% per year until the full amount owed has been paid. Nothing in that language can be considered ambiguous. While reference is made to the New York Prime Index, that does not necessarily indicate that the parties intended a variable rate of interest as claimed by plaintiff. In any event, assuming that such language created an ambiguity, the record here makes plain that plaintiff was the drafter of the note, and the ambiguity must therefore be construed against him.

Spain, Carpinello and Kane, JJ., concur.

Lahtinen, J. (dissenting). I respectfully dissent. In my opinion, the second mortgage note provision that bases the 11% interest rate "on New York Prime Index" creates an ambiguity sufficient to trigger the rules governing the construction of ambiguous contracts (*see Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 548 [1995]; *Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 355 [1978]). The intent of the parties in incorporating in the note the reference to New York Prime Index, which was 9.5% at the time plaintiff signed the note, raises a question of fact which would allow plaintiff the opportunity to introduce extrinsic evidence at trial (*see Weiss v Salamone*, 116 AD2d 1009, 1010 [1986]).

Ordered that the order is affirmed, with costs.