██ JEFFREY G. PEDERSEN, Respondent-Appellant, v WILLIAM E. ROYCE et al., Appellants-Respondents. [831 NYS2d 607]—

Lahtinen, J. (1) Cross appeals from an order of the Supreme Court (Coccoma, J.), entered June 16, 2006 in Otsego County, as amended by an order of the said court, entered June 23, 2006 in Otsego County, upon a decision of the court in favor of plaintiff, and (2) appeal from the judgment entered thereon.

This dispute centers on the value of plaintiff's 20 shares of stock in defendant Royce International Eyewear, Inc. (hereinafter RIE), a corporation that sells eyeglass frames. Defendant William E. Royce owns 60 of the corporation's 100 shares of stock, plaintiff owns 20 shares and two other individuals own 10 shares each. In July 1999, the four stockholders signed a Third Amendment to Common Stock Transfer Agreement which provided, among other things, that if a minority stockholder left his or her employment at RIE, Royce would have the right to that person's stock at a price provided in the agreement. The agreed upon price of the stock was set forth in the agreement at $5,560 per share for the period of September 1, 1998 to August

31, 1999, and it provided that the shareholders could stipulate in writing to a new value each subsequent year. Where, as here, they failed to so stipulate, paragraph 3 (d) provided in pertinent part that the value would be "the most recent stipulated value plus (or minus) any increases (or decreases) in the value of the corporation by reason of acquisition or sale of assets, increase or decrease in retained earnings of the corporation, and/or change in any other factor affecting the worth of the corporation." On September 30, 2003, plaintiff resigned from his position at RIE and a disagreement ensued regarding the value of his stock, resulting in the current litigation. Following a nonjury trial, Supreme Court valued plaintiff's 20 shares at $6,375.31 per share, subtracted $35,903.13 (the amount of a bank loan of plaintiff that defendants had assumed) for a total of $91,603.07 to be paid upon the transfer of the stock to Royce. The court further awarded $4,656.14 for undistributed profits of RIE owed to plaintiff. Defendants appealed and plaintiff cross-appealed.

We are unpersuaded by defendants' argument that Supreme Court erred in not finding that an enforceable verbal contract existed in which plaintiff agreed to sell his 20 shares to Royce for $60,000. Although plaintiff acknowledged that such an offer was made by Royce, plaintiff further unequivocally stated that he rejected the $60,000 offer. Royce provided no testimony to the contrary, rendering his argument that he "substantially performed" the oral agreement by assuming plaintiff's bank loan baseless.

Defendants' assertion that any value placed on the stock by utilizing the formula set forth in paragraph 3 (d) was enforceable only if Royce agreed to such valuation in writing is supported, if at all, by an ambiguous provision of the Stock Transfer Agreement. Since Royce acknowledged that his counsel drafted that agreement, the ambiguity is construed against him (see Leo v Stevens, 307 AD2d 453, 454 [2003], lv denied 1 NY3d 502 [2003]). Moreover, notwithstanding Royce's agreement in writing to a stock value, upon plaintiff's objection to that value, Supreme Court still had to determine whether the value was correctly computed pursuant to the formula set forth in paragraph 3 (d). Accordingly, we discern no reason to depart from Supreme Court's interpretation of the agreement regarding this issue.

Next, both parties take issue with Supreme Court's calculation of the stock value. Supreme Court took the last stipulated value of $5,560 and made adjustments thereto based upon the evidence it found credible from the conflicting proof presented. After independently weighing the evidence in this nonjury case

and giving due deference to credibility and weight determinations by the trial court (*see Poli v Lema*, 24 AD3d 981, 983 [2005]; *Riggs v Benning*, 290 AD2d 716, 717 [2002]), we are unpersuaded that Supreme Court's determinations should be disturbed.

The remaining arguments have been considered and found unavailing.

Crew III, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the order and judgment are affirmed, without costs.