■ Joseph W. Talcott et al., Respondents, v Anthony P. Zurenda et al., Appellants. [853 NYS2d 192]—

---

* On appeal, the parties only address custody of the daughter. Custody of the son is apparently no longer at issue.

Cardona, P.J. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered November 27, 2006 in Broome County, upon a decision of the court in favor of plaintiffs.

Plaintiff Joseph W. Talcott (hereinafter plaintiff) and his wife, derivatively, commenced this action alleging that plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) when the vehicle he was operating was hit multiple times from behind by a vehicle operated by defendant Anthony P. Zurenda and owned by defendant Transcontinental Refrigerated Lines, Inc. Liability was conceded and, following a nonjury trial, Supreme Court, in an October 2006 decision, found in favor of plaintiffs, concluding that "plaintiff sustained a serious injury within at least one (the 90/180 category) definition of that term in the Insurance Law" and awarded plaintiffs $324,500 plus interest. Defendants appeal.*

Contrary to defendants' contention, we find no reason to disturb Supreme Court's finding that plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d). The 90/180-day category of serious injury is defined by an inability of the plaintiff to perform "substantially all of the material acts which constitute such person's usual and customary daily activities" for not less than 90 out of the 180 days immediately following the accident (Insurance Law § 5102 [d]). In order to prevail under this category, plaintiffs were required to present objective medical evidence of an injury or impairment of a nonpermanent nature which would have caused the alleged limitations on plaintiff's daily activities (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 357 [2002]; Badger v Schinnerer, 301 AD2d 853, 854 [2003]; Sellitto v Casey, 268 AD2d 753, 755 [2000]). Furthermore, plaintiffs were also required to establish that plaintiff's usual activities were curtailed "to a great extent rather than some slight curtailment" (Licari v Elliott, 57 NY2d 230, 236 [1982]).

Here, plaintiffs presented the unrefuted testimony of Kamlesh

* Contrary to plaintiffs' contention, the timely appeal from the final judgment brings up for review the October 2006 decision and order (see Matter of Specht, 265 AD2d 919 [1999]).

Desai, the orthopedic surgeon that plaintiff treated with since one week after the accident and who diagnosed him with "[c]hronic cervical, thoracic and lumbar syndrome," which was secondary to the motor vehicle accident. Desai testified that the repeated range of motion tests which he qualitatively measured over a two-year period demonstrated a marked restriction of flexion, extension and rotation compared with normal results. He stated that this was consistent not only with plaintiff's subjective complaints of pain, but also with the diagnosis of soft tissue injuries sustained in the accident and his continued objective observation of plaintiff over a long period of time. In addition, Desai indicated that, during the course of plaintiff's treatment, muscle palpations were detected and reflex tests of the upper extremities evidenced diminished reflexes.

With respect to plaintiff's asymptomatic degenerative condition, Desai opined that the trauma of the motor vehicle accident aggravated this condition and it was possible that plaintiff could have remained asymptomatic throughout his life but for the accident. To the extent that defendants' argue that plaintiffs failed to plead the aggravation of a preexisting condition, we note that this issue was raised by the parties in connection with defendants' motion for summary judgment and the case was tried on that theory. Accordingly, any variance between the pleadings and the proofs at trial are excused inasmuch as defendants cannot be said to have been misled or prejudiced by such evidence (*see Anderson v Dainack*, 39 AD3d 1065, 1068 [2007]; *Hummel v Vicaretti*, 152 AD2d 779, 780 [1989], *lv dismissed* 75 NY2d 809 [1990]).

Turning to the curtailment of plaintiff's usual activities, since the date of the accident plaintiff has been unable to return to his business of drilling wells, plumbing and installing heaters and air conditioners. The testimony established that the repetitive motions of pulling, twisting and lifting and other physical labor required by such employment increased plaintiff's pain and muscle spasms. In addition, plaintiff testified regarding the effect those restrictions had on preventing him from engaging in daily chores and activities that he regularly performed prior to the accident. Upon our review of the evidence, and giving due deference to Supreme Court's credibility assessments as the trier of fact (*see Pedersen v Royce*, 38 AD3d 1090, 1091-1092 [2007]), we conclude that the proof sufficiently supports the finding that plaintiff sustained a serious injury under the 90/180-day category of the Insurance Law.

We do find, however, some merit to defendants' challenge to the total loss of income awarded. In relying on defendants'

calculations, Supreme Court used the gross income attributable to plaintiff—approximately $310,000—without deducting any offset for the salary imputed to his wife's employment position with the business. In that regard, defendants provided the court with such a calculation totaling $180,942.92, which, upon our review, is the appropriate amount attributable to plaintiff's total gross income. In reducing that amount by 25% in accordance with the court's findings, we conclude that the net economic loss to plaintiff, in excess of basic economic loss, is $135,707.19. Contrary to defendants' contention on appeal, however, this amount is not subject to any further reduction to present value or offsets inasmuch as it does not exceed $250,000 (*see* CPLR 5041 [b], [e]; *Sternfeld v Forcier*, 248 AD2d 14, 18 [1998], *appeal dismissed* 92 NY2d 1045 [1999]).

We have reviewed defendants' remaining contentions, including his challenge to a nonjury trial, and find them to be without merit.

Carpinello, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the judgment is modified, on the facts, without costs, by reducing the amount awarded to plaintiff Joseph W. Talcott for net economic loss, in excess of basic economic loss, from $232,500 to $135,707.19, and, as so modified, affirmed.