■ ANNE BRYANT, Appellant, v BROADCAST MUSIC, INC., Also Known as BMI, et al., Respondents, et al., Defendants. ANNE BRYANT, Appellant, v SUNBOW PRODUCTIONS, INC., Respondent. [875 NYS2d 226]—In related actions, inter alia, to recover for unpaid royalties, which were consolidated, the plaintiff appeals from (1) a judgment of the Supreme Court, Rockland County (O'Rourke, J.), entered May 8, 2007, which, upon an order of the same court dated January 30, 2006, among other things, denying that branch of her motion which was for leave to conform the pleadings to the proof adduced at the trial by asserting a cause of action alleging breach of contract, and upon an order of the same court entered March 13, 2007, inter alia, granting the separate motions of the defendants Broadcast Music, Inc., also known as BMI, and Sunbow Productions, Inc., pursuant to CPLR 4401 for judgment as a matter of law, is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against those defendants, and (2) an order of the same court entered June 20, 2007, which denied her motion to vacate the judgment.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint insofar as asserted against the defendant Sunbow Productions, Inc., and substituting therefor a provision dismissing the causes of action alleging unjust enrichment and for the imposition of a constructive trust insofar as asserted against that defendant; as so modified, the judgment is affirmed, that branch of the plaintiff's motion which was for leave to conform the pleadings to the proof adduced at the trial by asserting a cause of action alleging breach of contract is granted, the cause of action alleging breach of contract is severed, the matter is remitted to the Supreme Court, Rockland County, for a new trial on that cause of action, and the order dated January 30, 2006 is modified accordingly; and it is further,

Ordered that the order entered June 20, 2007 is affirmed; and it is further,

Ordered that the defendant Broadcast Music Inc., also known as BMI is awarded one bill of costs payable by the plaintiff, and the plaintiff is awarded one bill of costs payable by the defendant Sunbow Productions, Inc.

Contrary to the assertion of the defendant Sunbow Productions, Inc. (hereinafter Sunbow), the record does not indicate that the trial court determined a cause of action alleging breach

of contract after having denied the plaintiff's motion to conform the pleadings to the proof to add such a cause of action. Further, we agree with the plaintiff that the trial court improvidently exercised its discretion in denying that branch of her motion which was to conform the pleadings to the proof. "Leave to conform a pleading to the proof pursuant to CPLR 3025 (c) should be freely granted absent prejudice or surprise resulting from the delay" (*Alomia v New York City Tr. Auth.*, 292 AD2d 403, 406 [2002]; *see Thailer v LaRocca*, 174 AD2d 731 [1991]). Here, Sunbow suffered no prejudice or surprise because that branch of the motion was based upon a written agreement admitted at its own instance and the plaintiff did not allege any new facts (*see Murray v City of New York*, 43 NY2d 400, 405 [1977]; *Knox v Estate of Sprague*, 293 AD2d 451 [2002]; *Eng v Di Carlo*, 79 AD2d 1018 [1981]).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Ritter, J.P., Miller, Covello and Angiolillo, JJ., concur.