JANICE WORTHEN-CALDWELL, Respondent, v SPECIAL TOUCH HOME CARE SERVICES, INC., et al., Appellants. [911 NYS2d 122]—

In an action, inter alia, to recover damages for sexual harassment, the defendants appeal from a judgment of the Supreme Court, Kings County (Jacobson, J.), entered May 1, 2009, which, upon a jury verdict awarding the plaintiff the principal sums of $1,300,000 for past pain and suffering and $560,000 for future pain and suffering, is in favor of the plaintiff and against them in the principal sum of $1,860,000.

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, and a new trial on the issue of damages for past and future pain and suffering is granted, with costs, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the principal sum of $1,300,000 to the principal sum of $200,000 and as to damages for future pain and suffering from the principal sum of $560,000 to the principal sum of $50,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

" 'Leave to conform a pleading to the proof pursuant to CPLR 3025 (c) should be freely granted absent prejudice or surprise resulting from the delay' " (*Bryant v Broadcast Music, Inc.*, 60 AD3d 799, 800 [2009], quoting *Alomia v New York City Tr. Auth.*, 292 AD2d 403, 406 [2002]). The determination whether to grant such leave is within the court's discretion, and the exercise of that discretion will not be lightly disturbed (*see Surgical Design Corp. v Correa*, 31 AD3d 744, 745 [2006]; *Comsewogue Union*

*Free School Dist. v Allied-Trent Roofing Sys., Inc.*, 15 AD3d 523, 524 [2005]; *Leonardi v City of New York*, 294 AD2d 408, 409 [2002]; *Castagne v Barouh*, 249 AD2d 257, 257-258 [1998]). In determining whether a motion for leave to conform should be granted, the court " 'should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated, whether a reasonable excuse for the delay was offered, and whether prejudice resulted therefrom' " (*American Cleaners, Inc. v American Intl. Specialty Lines Ins. Co.*, 68 AD3d 792, 794 [2009], quoting *Cohen v Ho*, 38 AD3d 705, 706 [2007]; *see Rose v Velletri*, 202 AD2d 566, 567 [1994]; *Rothstein v City Univ. of N.Y.*, 194 AD2d 533 [1993]). " 'Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine' " (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983], quoting Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:5, at 477 [1974 ed]; *see Abrahamian v Tak Chan*, 33 AD3d 947, 949 [2006]; *Sievert v Morlef Holding Co.*, 220 AD2d 403 [1995]; *Evans v Kringstein*, 193 AD2d 714 [1993]).

Here, the Supreme Court, after weighing these considerations, permitted the plaintiff to conform her pleadings to the proof by adding a claim under the New York City Human Rights Law, but accepted the defendants' principal argument that they would be prejudiced by the resultant availability of punitive damages, and therefore disallowed any punitive damages claim. In doing so, the Supreme Court did not improvidently exercise its discretion (*see 715 Ocean Parkway Owners Corp. v Klagsbrun*, 74 AD3d 1314 [2010]; *Bryant v Broadcast Music, Inc.*, 60 AD3d 799 [2009]; *RCLA, LLC v 50-09 Realty, LLC*, 48 AD3d 538, 539 [2008]; *Pansini Stone Setting, Inc. v Crow & Sutton Assoc., Inc.*, 46 AD3d 784, 786 [2007]; *Dinizio & Cook, Inc. v Duck Cr. Mar. at Three Mile Harbor, Ltd.*, 32 AD3d 989, 990 [2006]).

However, the amount of damages awarded by the jury for past and future pain and suffering deviated materially from what would be reasonable compensation to the extent indicated herein (*see* CPLR 5501 [c]). Prudenti, P.J., Skelos, Dickerson and Lott, JJ., concur.