■ In the Matter of AUDREY A. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; JUMAL B., Appellant, et al., Respondent. [916 NYS2d 521]—

In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Queens County (Richter, J.), dated February 19, 2010, which granted the petitioner's motion pursuant to CPLR 3025 (b) to amend its petition to add him as a respondent.

Ordered that the order is affirmed, without costs or disbursements.

On or about October 31, 2008, soon after the birth of Audrey A. (hereinafter the child), the Administration for Children's Services (hereinafter ACS) filed a petition against the mother, alleging neglect. At the time, the whereabouts of the father were unknown, and the petition did not identify him as a respondent.

In or about June 2009, the father appeared before the Family Court, stating that he wanted to petition for custody of the child and, in or about December 2009, the father ultimately established his paternity. In early January 2010, the father consented to be tested for drug use and also consented to a psychiatric evaluation. After the test was returned positive for drug use, ACS moved the Family Court pursuant to CPLR 3025 (b) for leave to amend the petition to identify the father as a respondent. The Family Court granted the motion, and the father appeals. We affirm.

Since ACS did not unreasonably delay in seeking the amendment after learning of the father's drug use, and since, in any event, the father was not prejudiced by any delay, the Family Court did not improvidently exercise its discretion in granting the motion of ACS to amend its petition (see CPLR 3025 [b]; *Worthen-Caldwell v Special Touch Home Care Servs., Inc.*, 78 AD3d 822 [2010]; *Rose v Velletri*, 202 AD2d 566, 567 [1994]; *see also* Family Ct Act § 1046).

The father's remaining contentions are without merit. Prudenti, P.J., Rivera, Lott and Miller, JJ., concur.