RIGOBERTO MALDONADO RODRIGUEZ, Appellant, v PEDRO POL PANJO et al., Respondents. [916 NYS2d 239]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty III, J.), dated November 5, 2009, which denied his motion pursuant to CPLR 3025 (c) for leave to amend the complaint to conform to the evidence and granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the plaintiff's motion for leave to amend the complaint to conform to the evidence is granted, the defendants' motion for summary judgment dismissing the complaint is denied, and the proposed amended complaint is deemed served.

In November 2007 the plaintiff commenced this action against the defendants arising out of a motor vehicle accident which occurred on November 17, 2004, on southbound Route 107 in Nassau County. The complaint alleged, inter alia, that a 1986 Ford truck operated by Pedro Pol Panjo (hereinafter Panjo) and owned by Deluxe Home Improvement, Inc. (hereinafter Deluxe), collided with the plaintiff's vehicle.

Panjo testified at his deposition, inter alia, that he was the owner of Deluxe and that at the time of the accident, a Deluxe employee named Marino Estaban was operating a 1997 Ford van which Panjo owned and was following Panjo to a job site. After the truck which Panjo was driving was struck from the rear by a small red car (the plaintiff's vehicle), Panjo exited his truck. The Ford van operated by Estaban was situated directly behind the red car and Estaban told Panjo at the scene that his vehicle had come into contact with the rear of the red car. The plaintiff testified at his deposition that his vehicle was hit from behind by a van which caused his vehicle to collide with the truck in front of his vehicle.

In August 2009 the plaintiff moved pursuant to CPLR 3025 (c) for leave to amend the complaint to conform to the evidence, and the defendants moved for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court denied the plaintiff's motion and granted the defendants' motion. We reverse.

"Leave to conform a pleading to the proof pursuant to CPLR 3025 (c) should be freely granted absent prejudice or surprise resulting from the delay" (*Alomia v New York City Tr. Auth.*, 292 AD2d 403, 406 [2002]; *see Worthen-Caldwell v Special Touch Home Care Servs., Inc.*, 78 AD3d 822 [2010]). Mere lateness is not a barrier to amendment, but it will preclude amendment if it is coupled with significant prejudice to the other side (*Worthen-Caldwell v Special Touch Home Care Servs., Inc.*, 78 AD3d at 822). Here, the Supreme Court improvidently exercised its discretion by denying the plaintiff's motion for leave to amend the complaint to conform to the evidence as Panjo, having himself been involved in the accident and having spoken to Estaban at the scene, was fully aware of the facts and that the accident involved three vehicles, not two vehicles as originally alleged in the complaint. Furthermore, the details of how the accident occurred, the number of vehicles involved, the make and year of the vehicle which hit the plaintiff's vehicle, and who operated the vehicles, were fully explored at Panjo's deposition. Accordingly, the defendants would not have suffered surprise or prejudice by an amendment of the complaint to conform to the evidence (*see Rizzo v Kay*, 79 AD3d 1001 [2010]; *Alomia v New York City Tr. Auth.*, 292 AD2d at 406).

The defendants' remaining contentions are without merit.

Thus, the Supreme Court should have granted the plaintiff's motion for leave to amend the complaint to conform to the evidence. In addition, since there are triable issues of fact, the Supreme Court also should have denied the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Dillon, Eng and Sgroi, JJ., concur.