In June 2007, the plaintiffs commenced this action against, among others, the defendant Jian Zhi Chen (hereinafter the defendant) to recover damages for personal injuries allegedly sustained in the course of a multiple vehicle chain collision on the Brooklyn-Queens Expressway. At the jury trial on the issue of liability, the injured plaintiff testified that the defendant stopped his vehicle, the injured plaintiff then stopped his vehi *795 ele, and a third vehicle then pushed the injured plaintiffs vehicle into the defendant’s vehicle. The injured plaintiff also testified that he did not see any vehicles stopped in front of the defendant before the accident. On cross-examination, the defendant’s attorney questioned the injured plaintiff about his deposition testimony that the defendant’s vehicle was “stopped because of the amount of traffic.”
After the close of the parties’ evidence, the defendant moved to dismiss the complaint insofar as asserted against him on the ground, in effect, that he was prejudiced by inconsistent statements in the injured plaintiff’s deposition testimony, trial testimony, and bill of particulars regarding the cause of the subject accident. The plaintiffs cross-moved for leave to amend the bill of particulars, which stated, inter alia, that the defendant’s vehicle had collided with the rear of the injured plaintiff’s vehicle, to conform to the evidence presented at trial. The Supreme Court granted the defendant’s motion to dismiss the complaint, and, in effect, denied the plaintiffs’ cross motion. The plaintiffs appeal, and we reverse.
Leave to conform a pleading or the bill of particulars to the proof pursuant to CPLR 3025 (c) “ ‘should be freely granted absent prejudice or surprise resulting from the delay’ ” (Rodriguez v Panjo, 81 AD3d 805, 806 [2011], quoting Alomia v New York City Tr. Auth., 292 AD2d 403, 406 [2002]; see Bryant v Broadcast Music, Inc., 60 AD3d 799, 800 [2009]; Siegel, NY Prac § 404 at 708 [5th ed 2011]). Here, the Supreme Court improvidently exercised its discretion in denying the plaintiffs’ cross motion for leave to amend the bill of particulars to allege that the defendant was negligent in stopping his vehicle in the roadway. Although the bill of particulars alleged that the defendant was negligent in permitting his vehicle to collide with the rear of the injured plaintiffs vehicle, the record establishes that the defendant, who was involved in the accident, was fully aware of the fact that the injured plaintiffs vehicle hit his vehicle in the rear. Moreover, the issue of whether the defendant negligently stopped his vehicle in the roadway was explored at the parties’ examinations before trial, raised in connection with the defendant’s motion for summary judgment, addressed in the opening statement of the plaintiffs’ attorney, and actively litigated by the defendant at trial. Accordingly, the defendant would not have suffered surprise or prejudice as a result of an amendment of the bill of particulars to conform to the evidence presented at trial (see Rodriguez v Panjo, 81 AD 3d at 806; Talcott v Zurenda, 48 AD3d 989, 991 [2008]; Alomia v New York City Tr. Auth., 292 AD2d at 405-406; Padro v Bertelsman Music Group, 278 AD2d 61, 62 [2000]).
*796 Further, the inconsistency between the injured plaintiffs deposition testimony and his trial testimony presented a question for the jury (see Jackson v Young, 226 AD2d 230, 231 [1996]; see also Salisbury v Christian, 68 AD3d 1664, 1665 [2009]; Calix v New York City Tr. Auth., 14 AD3d 583, 584 [2005]), and did not provide a proper basis for granting the defendant’s motion to dismiss the complaint (see Migdalski v Arcadian Lounge, 73 AD2d 960, 961 [1980]).
The plaintiffs’ remaining contention is without merit. Rivera, J.P., Chambers, Roman and Miller, JJ., concur.