Ciampa Whitepoint, LLC v Transpacific, LLC (2022 NY Slip Op
51374(U))

[*1]

Ciampa Whitepoint, LLC v Transpacific, LLC

2022 NY Slip Op 51374(U) [77 Misc 3d 139(A)]

Decided on December 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2021-139 Q C

Ciampa Whitepoint, LLC,
Respondent,
against
Transpacific, LLC, Doing Business as Abiding Auto,
Appellant. 

Wang Law Office, PLLC (Jean Wang of counsel), for appellant.
Cooper, Paroff & Graham, P.C. (Ira G. Cooper of counsel), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Queens
County (Sally E. Unger, J.), entered February 8, 2021. The final judgment, after a
nonjury trial, awarded landlord possession and the principal sum of $6,632.01 in a
nonpayment summary proceeding.

ORDERED that the final judgment is reversed, without costs, and the matter is
remitted to the Civil Court for a new trial.
In or about October 2019, landlord commenced this commercial nonpayment
proceeding to recover possession of the subject premises as well as unpaid additional
rent (for real estate taxes) of $173.33 for each of the months of February 2018 through
October 2019, and unpaid October 2019 rent in the amount of $2,533.53. Tenant asserted
affirmative defenses and counterclaimed for, among other things, rent overpayment.
Following a traverse hearing, the Civil Court held that the notice of petition and petition
were properly served. A virtual nonjury trial took place on October 21, 2020, November
9, 2020 and December 1, 2020, during which the Civil Court granted landlord's motion
to amend the petition to conform to the evidence to include base, and additional, rent for
the time period of October 2019 (when the petition was filed) through October 2020
(when the trial commenced). Following the trial, the Civil Court awarded landlord
possession and $6,812.25 in base and additional rent for the time period of February
2018 through October 2020. With respect to tenant's rent overpayment counterclaim, the
Civil Court found that other than one rent overpayment, which the court considered in its
calculations, [*2]tenant "offered no testimony or
documentary evidence in support of its claims for credit or reimbursement due."
On appeal, tenant contends that the notice of petition and petition were not properly
served; that the petition was not properly amended pursuant to CPLR 3025 (c); that
enforcement of the lease agreement's "tax escalation clause" required landlord to prove
that it had paid real estate taxes and landlord had to establish the "current rent"; that the
Civil Court improperly allowed landlord to belatedly submit documentary evidence in
contravention of its virtual trial procedures; that the final judgment is not supported by
substantial evidence; and that its counterclaim for rent overpayment should have been
granted.
The amended record on appeal is insufficient to determine tenant's contention that
the notice of petition and petition were not properly served, as tenant failed to include the
transcript of the traverse hearing in the record. It is well settled that "a party alleging
error must present an adequate record for appellate review" (Matter of Hoge [Select Fabricators,
Inc.], 96 AD3d 1398, 1399 [2012], citing de Vries v Metropolitan Tr. Auth., 11 AD3d 312, 312-313
[2004]; see also CPLR 5526).
Pursuant to CPLR 3025 (c), a "court may permit pleadings to be amended before or
after judgment to conform them to the evidence, upon such terms as may be just."
Permission "to conform a pleading to the proof pursuant to CPLR 3025 (c) should be
freely granted absent prejudice or surprise resulting from the delay" (Alomia v New
York City Tr. Auth., 292 AD2d 403, 406 [2002]; see also Rodriguez v Panjo, 81 AD3d 805, 806 [2011]).
We find that the Civil Court properly exercised its discretion in amending the pleading
since, contrary to tenant's argument, there was no prejudice or surprise to tenant, as
landlord consistently argued before and during trial that tenant was responsible for these
payments. In addition, a landlord does not have to serve an additional rent demand in
order to amend a petition with leave of court to include rent that accrued after the
proceeding was commenced (see 36 Main Realty Corp. v Wang Law Off., PLLC, 49 Misc 3d
51 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Paragraph R27 of the relevant lease agreement states that "Tenant agrees to pay
$170.33 per month for their R E [Real Estate] Tax charges at current rates." We find that
this is not a "tax escalation clause" since, by definition, a tax escalation clause is a lease
provision wherein the tenant agrees to pays tax increases on the property. In contrast,
here, tenant agreed to pay a fixed monthly amount for the life of the tenancy.
Consequently, we find no merit to tenant's contentions that landlord had to establish that
it had paid real estate taxes and the current rate of the taxes. 
In awarding landlord a final judgment, the Civil Court relied upon, among other
things, a "ledger" to determine that tenant did not pay portions of rent and additional rent
due and to calculate the monies owed. It is undisputed that landlord neglected to provide
a copy of this ledger, as well as other documents it intended to submit into evidence, to
tenant and to the court ten days in advance of the virtual trial as required by the court's
rules and as agreed to in a stipulation. We agree with tenant's argument on appeal that the
Civil Court should have adjourned the trial to permit tenant an opportunity to review the
documents and prepare rebuttal evidence. Furthermore, tenant correctly argues that the
Civil Court improperly admitted the "ledger" into evidence as a business record since
landlord's employee, and sole witness, testified that she had created the document
specifically for trial. Landlord presented no evidence from [*3]which the court could find, "first, that the record
[was] made in the regular course of business—essentially, that it reflect[s] a
routine, regularly conducted business activity, and that it be needed and relied on in the
performance of functions of the business; second, that it [was] the regular course
of such business to make the record . . . essentially, that the record be made pursuant to
established procedures for the routine, habitual, systematic making of such a record; and
third, that the record [was] made at or about the time of the event being
recorded— essentially, that recollection [was] fairly accurate and the habit or
routine of making the entries assured" (People v Kennedy, 68 NY2d 569,
579-580 [1986]; see CPLR 4518 [a]). Under the circumstances, a new trial is
required. 
Accordingly, the final judgment is reversed and the matter is remitted to the Civil
Court for a new trial.
WESTON, J.P., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 23, 2022