■ EDWARD DMOCHOWSKI et al., Respondents, v DANIEL ROSATI et al., Appellants. — Order of Erie County Court and judgment of Hamburg Village Small Claims Court unanimously reversed, without costs, and complaint and counterclaim dismissed. Memorandum: Plaintiffs agreed to buy and defendants agreed to sell a parcel of real property. Plaintiffs paid $2,000 down and thereafter defaulted. Defendants refused to return the down payment, whereupon plaintiffs obtained a judgment in Small Claims Court for $1,500, the jurisdictional limit of that court. County Court affirmed and defendants appeal, arguing that the court erred in holding that the defaulting purchasers were entitled to a refund of the downpayment. We agree. A party may appeal from a judgment entered in Small Claims Court upon the grounds "that substantial justice has not been done between the parties according to the rules and principles of substantive law" (UCCA 1807). Applying the rules of substantive law to the facts of this case, a judgment in favor of plaintiffs was improperly granted. "It has long been the law of New York that '[a] vendee who, without breach on the part of the vendor, refuses to perform a contract for the purchase of real estate, cannot recover from the vendor either the amount paid on the purchase price, or a deposit by him as earnest money * * * where the vendor is ready, able and willing to perform upon his part" (*Cooper v Bosse,*

85 AD2d 616, 618, quoting 62 NY Jur, Vendor and Purchaser, § 137, p 406; see, also, *Lawrence v Miller,* 86 NY 131; *Evans v Norris,* 69 AD2d 829; *Leading Bldg. Corp. v Segrete,* 60 AD2d 907; *Silverstein v United Cerebral Palsy Assn. of Westchester County,* 17 AD2d 160, 164). (Appeal from order of Erie County Court, Wolfgang, J. — recover downpayment.) Present — Dillon, P. J., Hancock, Jr., Doerr, Boomer and Moule, JJ.