■ HILDA SCHIFFMAN et al., Respondents, v DELUXE CATERERS OF SHELTER ROCK, INC., Appellant. (Action No. 1.) DELUXE CATERERS OF SHELTER ROCK, INC., Appellant, v HILDA SCHIFFMAN et al., Respondents. (Action No. 2.) — In actions to recover a $500 deposit paid on a catering contract, and to recover damages for breach of that contract, Deluxe Caterers of Shelter Rock, Inc., appeals (by permission) from an order of the Appellate Term for the Ninth and Tenth Judicial Districts, dated April 8, 1982, which affirmed two judgments of the District Court, Nassau County, Third District, Great Neck Part (Mellan, J.), (1) the first of which was in favor of Hilda and Robert Schiffman in the principal sum of $500 (2) and the second of which dismissed the appellant's action. ¶ Order affirmed, with costs. ¶ Hilda and Robert Schiffman contracted with appellant for catering services in connection with the marriage of their daughter, giving appellant a $500 deposit. Twenty-eight days later, the daughter was admitted to a hospital and was subsequently operated on for a malignant melanoma. The Schiffmans advised appellant approximately three months before the scheduled event that it would be necessary to cancel. When appellant failed to honor its alleged commitment to return the deposit or credit it towards a future affair, the Schiffmans commenced a small claims action and appellant brought a separate action for loss of profits. Judgments dismissing appellant's claim and awarding the Schiffmans the principal sum of $500 damages, respectively, have been affirmed by the Appellate Term. ¶ Turning first to the $500 judgment in the small claims action, pursuant to UDCA 1807, appellate review of a small claims judgment is limited to a determination "that substantial justice has not been done between the parties according to the rules and principles of substantive law" (see *Blair v Five Points Shopping Plaza*, 51 AD2d 167; *Levins v Bucholtz*, 2 AD2d 351). Accordingly, a small

claims judgment may not be overturned simply because the determination appealed from involves an arguable point on which an appellate court may differ; the deviation from substantive law must be readily apparent and the court's determination clearly erroneous (*Blair v Five Points Shopping Plaza, supra; cf. Dmochowski v Rosati,* 96 AD2d 718; *Lee v Consolidated Edison Co.,* 98 Misc 2d 304). ¶ Although appellant contends that it was entitled to keep the deposit by virtue of what it characterizes as a liquidated damages clause in the contract, since the tendency in doubtful cases is to treat a liquidated damages clause as an unenforceable penalty irrespective of its characterization by the parties (see, e.g., *City of New York v Brooklyn & Manhattan Ferry Co.,* 238 NY 52, 56; *Gitlin v Schneider,* 42 Misc 2d 230, 238 [Margett, J.]; Fuchsberg, 9 Encyclopedia of NY Law, Damages, § 82), the trial court's determination clearly meets the "substantial justice" standard. ¶ With respect to appellant's claim for lost profits, appellant failed to show that it had lost a potential customer for the date in question by holding it for the Schiffmans. Without such testimony, there is no proof that it sustained any damages (see *Bogatz v Case Catering Corp.,* 86 Misc 2d 1052, 1055). Titone, J. P., O'Connor, Brown and Eiber, JJ., concur.