■ LEWIS FORTE, Respondent, v REID BIELECKI, Appellant.— In a proceeding to recover, *inter alia,* a rental security deposit, the defendant appeals (by permission) from an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated January 31, 1985, which affirmed a judgment of the District Court, Suffolk County, Sixth District (Malloy, J.), dated December 30, 1983, which awarded the plaintiff $710.

Order affirmed, without costs or disbursements.

Appellate review of a small claims judgment is limited to a determination whether substantial justice has been done between the parties according to the rules and principles of substantive law *(see, Blair v Five Points Shopping Plaza,* 51 AD2d 167; *Levins v Bucholtz,* 2 AD2d 351; UDCA 1807). "Accordingly, a small claims judgment may not be overturned simply because the determination appealed from involves an arguable point on which an appellate court may differ; the deviation from substantive law must be readily apparent and the court's determination clearly erroneous *(Blair v Five Points Shopping Plaza, supra;* cf. *Dmochowski v Rosati,* 96 AD2d 718; *Lee v Consolidated Edison Co.,* 98 Misc 2d 304)" *(Schiffman v Deluxe Caterers,* 100 AD2d 846, 846-847).

The defendant contends that the court's disregard of the existence of the corporate entity Halcyon Manor, Inc., with which the plaintiff entered into a lease-boarder agreement, was unwarranted and erroneous. However, from the record it is clear that the defendant is the sole shareholder, manager, and director of the corporation, and all profits inured to him. He exercised complete and total dominion and control over the corporation, and through this control, wrongfully withheld from the plaintiff a rental security deposit, as well as certain other sums of money. Accordingly, the court did not err in holding him personally responsible to the plaintiff *(see, Matter of Guptill Holding Corp. v State of New York,* 33 AD2d 362, 365, *affd* 31 NY2d 897).* Mollen, P. J., Rubin, Eiber and Kooper, JJ., concur.