■ TRANQUILITY SALON & DAY SPA, INC., Respondent, v ANGELA CAIRA, Appellant. [35 NYS3d 652]—

In an action to recover damages for breach of contract, the defendant appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts dated May 1, 2015, which reversed a judgment of the District Court of the County of Suffolk, Sixth District (Barbera-Dalli, J.), dated March 29, 2013, made after a nonjury trial, which was in favor of the defendant and against the plaintiff dismissing the complaint, and directed the entry of judgment in favor of the plaintiff and against the defendant in the principal sum of $3,500.

Ordered that the order dated May 1, 2015, is reversed, on the law, with costs, and the judgment dated March 29, 2013, is reinstated.

An appeal from a small claims judgment is permitted "on the sole ground[ ] that substantial justice has not been done between the parties according to the rules and principles of substantive law" (UDCA 1807). " 'Accordingly, a small claims judgment may not be overturned simply because the determination appealed from involves an arguable point on which an appellate court may differ; the deviation from substantive law must be readily apparent and the court's determination clearly erroneous' " (*Forte v Bielecki*, 118 AD2d 620, 621 [1986], quoting *Schiffman v Deluxe Caterers of Shelter Rock*, 100 AD2d 846, 846-847 [1984] [citations omitted]; *see Ross v Friedman*, 269 AD2d 584 [2000]).

Here, the District Court's determination that the subject

contract was unenforceable according to its literal terms because it was unconscionable was not clearly erroneous (see *Matter of Lawrence*, 24 NY3d 320, 337 [2014]; *Sablosky v Gordon Co.*, 73 NY2d 133, 138-139 [1989]; *Gillman v Chase Manhattan Bank*, 73 NY2d 1, 10-12 [1988]). Accordingly, the Appellate Term should not have reversed the judgment of the District Court, which was in favor of the defendant and against the plaintiff, dismissing the complaint.

The plaintiff's remaining contention is without merit. Mastro, J.P., Dickerson, Austin and Roman, JJ., concur.