Francis Facciolo, Appellant,
against
Apple, Inc., Respondent.




Francis Facciolo, appellant pro se.
Apple, Inc., respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Richard Montelione, J.), entered August 15, 2016. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $85.10, based on defendant's alleged breach of an express warranty. At a nonjury trial, plaintiff testified that he had purchased an Apple 30-pin adapter from a non-Apple store for the purpose of connecting his iPad to his television. He further stated that he had understood from a statement in the iPad user guide that that Apple 30-pin adapter would be adequate not only to enable an audio connection between his iPad and his television, but also to enable a video connection. However, the adapter was incapable of enabling such a video connection. Plaintiff sought to recover the cost of the adapter from defendant, which had manufactured both the iPad and the adapter. Defendant's witness confirmed that the user guide for the iPad indicated that "Apple cables and adapters . . . may be used to connect iPads to a TV, projector, or other external display," but added that the iPad's user guide had directed the user to an Apple website for more information, and that, had plaintiff looked on the correct page of the Apple website, he would have realized that the 30-pin adapter would not enable a video connection between his iPad and his television. Following the trial, the Civil Court dismissed the action. 
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). In addition, " 'a small claims judgment may not be overturned simply because the determination appealed from involves an arguable point on which an appellate court may differ; the deviation from substantive law must be readily apparent and the court's determination clearly erroneous' " (Tranquility Salon & Day Spa, Inc. v Caira, 141 AD3d 711, 711 [2016], quoting Forte v Bielecki, 118 AD2d 620, 621 [1986]).
Assuming that the representations in defendant's user guide could be deemed a warranty that there are Apple connectors and adapters that "may be used" to enable a video connection between plaintiff's iPad and his television, the user guide incorporated by reference the Apple website, which provided greater specificity as to the particular connectors or adapters plaintiff required to achieve the connectivity he sought. Plaintiff conceded that, had he located the website page defendant's witness identified in his testimony, he would have purchased the correct connector in the first instance. In this circumstance, we conclude that the Civil Court's dismissal of the action was not "clearly erroneous" (Tranquility Salon & Day Spa, Inc. v Caira, 141 AD3d at 711; Forte v Bielecki, 118 AD2d at 621) and, thus, that substantial justice was done between the parties (see CCA 1804, 1807).
We reach no other issue.
Accordingly, the judgment is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 18, 2018