Paul J. Krasnoff, Appellant,
against
J. Tuman Associates, Inc., Respondent.




Paul J. Krasnoff, appellant pro se.
J. Tuman Associates, Inc., respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (David M. Hawkins, J.), entered March 23, 2017. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
Plaintiff hired defendant to remediate a problem he was having with water intruding into his home, and paid defendant $5,000 on account of a $6,000 contract. Plaintiff seeks in this small claims action to recover the $5,000 he paid to defendant. At a nonjury trial, plaintiff testified that defendant's work had failed to solve his problem and that, in addition, defendant had failed to perform certain specific contractual requirements. He also opined that the solution defendant had suggested to his problem had been more expensive than the work he had actually required. In response, defendant's president testified that the work that he had contracted to perform had been the correct work to remediate the problem plaintiff had showed him, of water intruding in the vicinity of the chimney, and that he had performed the work properly. Following the trial, the Civil Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial [*2]justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Here, we find no basis to disturb the Civil Court's dismissal of the action, which was implicitly based on a credibility finding and was not " 'clearly erroneous' " (Tranquility Salon & Day Spa, Inc. v Caira, 141 AD3d 711, 711 [2016], quoting Forte v Bielecki, 118 AD2d 620, 621 [1986]). Plaintiff argues, for the first time on appeal, that the work performed was a home improvement (see General Business Law § 770; Administrative Code of the City of New York § 20-386 [2]), and that, as defendant was not licensed to perform home improvements in New York City at the time it worked for him (see Administrative Code § 20-387), he is entitled to a judgment in his favor. However, the mere fact that a home improvement contractor lacks a license does not entitle the homeowner to recover sums already paid to that contractor (see Segrete v Zimmerman, 67 AD2d 999 [1979]; see also Voo Doo Contr. Corp. v L & J Plumbing & Heating Co., 264 AD2d 361 [1999]; Unger v Travel Arrangements, 25 AD2d 40 [1966]; Cavalluzzi v Byrne, 29 Misc 3d 144[A], 2010 NY Slip Op 52219[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). With respect to plaintiff's claim that defendant breached the one-year warranty set forth in the parties' contract, we note that no evidence was presented that the labor or materials defendant supplied were inadequate or that the water intrusion that occurred subsequent to defendant's work was in the area where defendant had performed its repairs. Consequently, we find that the judgment rendered substantial justice between the parties (see CCA 1804, 1807).
We reach no other issue.
Accordingly, the judgment is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 03, 2019