Joseph Schrettner, Appellant,
against
Maria Saraguro, Respondent. 




Joseph Schrettner, appellant pro se.
Picciano & Scahill, P.C. (Andrea E. Ferrucci and Chris McCune of counsel), for respondent.

Appeal, on the ground of inadequacy, from a judgment of the Justice Court of the Town of Clarkstown, Rockland County (David M. Ascher, J.), entered June 15, 2017. The judgment, after a nonjury trial, upon a finding that plaintiff was 70 percent at fault in the happening of the accident in question, awarded plaintiff the principal sum of $900.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the principal sum of $3,000 for damage to his vehicle resulting from an accident with a minivan operated by defendant. After a nonjury trial, the Justice Court awarded plaintiff $900, based upon an apportionment of liability of 70 percent against plaintiff and 30 percent against defendant. On appeal, plaintiff challenges the Justice Court's finding that he was 70 percent responsible for the accident.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
After evaluating the testimony, the Justice Court concluded that plaintiff was more responsible for causing the accident than was defendant. The Justice Court was entitled to credit [*2]the testimony of defendant that she was traveling straight in the left turning lane when plaintiff negligently crashed his car into the right passenger door of her minivan upon his entering into the left turn lane (see Vehicle and Traffic Law § 1128 [a]), as well as the testimony of plaintiff that defendant was partially at fault for driving, immediately prior to the accident, in a yellow-lined hatched area of the roadway before that portion of the roadway became the turning lane (see Vehicle and Traffic Law § 1126 [a]). A small claims judgment may not be overturned simply because the determination appealed from involves an arguable point on which an appellate court may differ; the deviation from substantive law must be readily apparent and the court's determination clearly erroneous (see Tranquility Salon & Day Spa, Inc. v Caira, 141 AD3d 711 [2016]).
Upon a review of the record, we find that the Justice Court's determination to allocate 70 percent of the responsibility for the accident to plaintiff based upon a comparison of the respective culpable conduct of the drivers of both vehicles, was not clearly erroneous. Consequently, the judgment rendered substantial justice between the parties (see UJCA 1804, 1807).
Accordingly, the judgment is affirmed.
RUDERMAN, J.P., TOLBERT and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 15, 2019