Stacey Vazquez, Respondent,
against
Ramiro Martinez, Appellant. 




Law Offices of Wanda Y. Negron, P.C. (Wanda Y. Negron of counsel), for appellant.
Stacey Vasquez, respondent pro se (no brief filed).

Appeal from a judgment of the City Court of Poughkeepsie, Dutchess County (Frank M. Mora, J.), entered February 23, 2018. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $3,705.




ORDERED that the judgment is affirmed, without costs.
At a nonjury trial of this small claims action, plaintiff testified that, after defendant had assaulted her on November 21, 2016, her four front teeth were disfigured and she had undergone dental work to repair them. Plaintiff further testified that her sister had paid the bill, and plaintiff submitted the promissory note that she had executed in favor of her sister, Marlene Vazquez, as payee. Plaintiff also submitted her dental records, which showed that four teeth were affected by the assault. Defendant testified that only one of plaintiff's teeth was chipped and caused to loosen and that he saw plaintiff after the incident and did not see a chipped tooth. Following the trial, a judgment was entered in favor of plaintiff in the principal sum of $3,705.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive [*2]law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
The court credited plaintiff's testimony and the substantial evidence that the dental work that she had done had resulted from the trauma caused to her teeth when defendant assaulted her. Moreover, plaintiff presented evidence establishing that she owed her sister for the payments her sister had made for plaintiff's dental work. As the record reflects that the City Court properly considered all the evidence before it, it cannot be said that the court's determination was so clearly erroneous as to deny substantial justice (see Tranquility Salon & Day Spa, Inc. v Caira, 141 AD3d 711 [2016]; Payne v Biglin, 2 Misc 3d 127[A], 2003 NY Slip Op 51694[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2003]).
Accordingly the judgment is affirmed.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 27, 2020