D'Avino v Princess Bridals, Inc. (2020 NY Slip Op 51020(U))

[*1]

D'Avino v Princess Bridals, Inc.

2020 NY Slip Op 51020(U) [68 Misc 3d 134(A)]

Decided on August 27, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 27, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-1123 N C

Alycia M. D'Avino, Respondent,
against
Princess Bridals, Inc., Appellant. 

Princess Bridals, Inc., appellant pro se.
Alycia M. D'Avino, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, First District (Paul L. Meli,
J.), entered March 24, 2017. The judgment, after a nonjury trial, awarded plaintiff the principal
sum of $2,053.

ORDERED that the judgment is affirmed, without costs.
In this small claims action to recover the principal sum of $2,053, the evidence at a nonjury
trial showed that, in November 2015, after viewing photographs in a catalogue, plaintiff had
ordered a wedding dress, manufactured by Maggie Sottero Designs, from defendant bridal
boutique, for which she had paid defendant $2,053. Plaintiff's wedding was scheduled for May
2016. It was undisputed that the dress required alterations. Plaintiff contended that, even after she
attended "countless" sessions with defendant's seamstress, the dress had rippling and folds which
had not appeared in the dress as depicted in the manufacturer's catalogue. Plaintiff also testified
that she had been unable to sit in the dress. In April 2016, plaintiff cancelled her contract with
defendant and purchased a wedding dress from a different vendor. Defendant refunded the cost
of the alterations to plaintiff but refused to refund the price of the dress. In this action, plaintiff
seeks to recover the cost of the dress. Following the trial, the court awarded judgment in favor of
plaintiff in the principal sum of $2,053.
In a small claims action, our review is limited to a determination of whether "substantial
justice has ... been done between the parties according to the rules and principles of substantive
law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584, 584
[2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination
of a trier of fact as to issues of credibility is given substantial deference, as a trial court's
opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a
better perspective from which to assess their credibility (see Vizzari v State of New York,
184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference
applies with greater force to judgments rendered in the Small Claims Part of the court (see
Williams v Roper, 269 AD2d at 126).
Upon a review of the record, we find that the District Court's judgment awarding plaintiff the
amount that she had paid for the dress (see UCC 2-711 [1]) was not so clearly erroneous
as to deny substantial justice (see UDCA 1804, 1807; see also Tranquility Salon
& Day Spa, Inc. v Caira, 141 AD3d 711, 712 [2016]).
Accordingly, the judgment is affirmed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 27, 2020