Mansour v Mansour (2020 NY Slip Op 20287)

Mansour v Mansour

2020 NY Slip Op 20287 [70 Misc 3d 6]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 9th and 
10th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, January 20, 2021

[*1]

Helen Mansour, Respondent,
v
Atef Ramzy Mansour, Appellant.

Supreme Court, Appellate Term, Second Department, 9th and 10th Judicial Districts, October 29, 2020

APPEARANCES OF COUNSEL

Atef Ramzy Mansour, appellant pro se.
Helen Mansour, respondent pro se.

{**70 Misc 3d at 7} OPINION OF THE COURT

Memorandum.

Ordered that the judgment is reversed, without costs, and the matter is remitted to the City Court for the entry of a judgment dismissing the action.
In this small claims action, plaintiff, who was formerly married to defendant, seeks to recover the principal sum of $2,550. At a nonjury trial, it was established that, during their marriage, the parties had jointly owned a condominium apartment which they rented to tenants. The City Court credited plaintiff's testimony that, in March 2012, defendant had received from the tenants and had deposited into his personal account a $1,275 security deposit and $1,275 in rent, and did not credit defendant's testimony that he had applied that money towards the parties' joint expenses. The parties entered into a stipulation of divorce in December 2015 and were finally divorced in 2016. Pursuant to the divorce, among other things, plaintiff acquired title to the apartment and thereafter became responsible for all the charges associated with it. In this action, plaintiff sought to recover the $1,275 security deposit and the March 2012 rental [*2]payment. The City Court found that plaintiff, as the successor landlord to the apartment, was entitled to the security deposit (see General Obligations Law § 7-105) and that she was also entitled to half the March 2012 rent and, on that basis, awarded a judgment of $1,912.50 to plaintiff. This appeal by defendant ensued.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807; see 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 {**70 Misc 3d at 8}[1992]; Kincade v Kincade, 178 AD2d 510 [1991]). The deference normally accorded to the credibility determinations of a trial court applies with greater force in the Small Claims Part of the court, given the limited scope of review (see Williams v Roper, 269 AD2d at 126). In addition, "a small claims judgment may not be overturned simply because the determination appealed from involves an arguable point on which an appellate court may differ; the deviation from substantive law must be readily apparent and the court's determination clearly erroneous" (Forte v Bielecki, 118 AD2d 620, 620 [1986]; see also Tranquility Salon & Day Spa, Inc. v Caira, 141 AD3d 711, 712 [2016]).
"Marital property" includes "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held" (Domestic Relations Law § 236 [B] [1] [c]). In a divorce action, in the absence of an agreement by the parties, the court "shall determine the respective rights of the parties in their separate or marital property, and shall provide for the disposition thereof in the final judgment" (Domestic Relations Law § 236 [B] [5]). The property subject to the court's disposition in a divorce action includes security deposits held on behalf of tenants (see General Obligations Law § 7-103) of rental properties owned by the divorcing parties which are transferred in connection with the divorce (see Raposo v Raposo, 164 AD3d 1383 [2018]; see also General Obligations Law § 7-105). "A judgment of divorce is res judicata with respect to those issues which the parties had a full and fair opportunity to litigate in the divorce action" (Finch v Augustus, 66 Misc 3d 144[A], 2020 NY Slip Op 50188[U], *1-2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; see also Boronow v Boronow, 71 NY2d 284 [1988]; Gentile v Gentile, 172 AD3d 688, 690 [2019]). Since, at the trial of this matter, plaintiff failed to establish that in the divorce action she had not had a full and fair opportunity to litigate the issues presented herein, she was precluded from bringing this action under the principles of res judicata (cf. Greco v Greco, 57 Misc 3d 154[A], 2017 NY Slip Op 51601[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). Thus, the action should have been dismissed as the judgment in favor of plaintiff failed to render substantial justice between the parties according to the rules and principles of substantive law (see UCCA 1804, 1807).{**70 Misc 3d at 9}
We reach no other issue. We note that we do not consider those materials submitted by defendant on appeal which are dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]).
[*3]
Accordingly, the judgment is reversed and the matter is remitted to the City Court for the entry of a judgment dismissing the action.
Adams, P.J., Garguilo and Emerson, JJ., concur.